Frank E. Scherkenbach (CA SBN 142549)
scherkenbach@fr.com
Andrew G. Pearson (*Pro Hac Vice*)
pearson@fr.com
Adam Kessel (*Pro Hac Vice*)
kessel@fr.com
Kevin Su (*Pro Hac Vice*)
su@fr.com
Kayleigh E. McGlynn (*Pro Hac Vice*)
mcglynn@fr.com
Daniel H. Wade (*Pro Hac Vice*)
wade@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Olivia T. Nguyen (CA SBN 337927)
onguyen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

*Counsel for Plaintiff
SPLUNK INC.*

QUINN EMANUEL URQUHART & SULLIVAN,
LLP
  Michael T. Zeller (Bar No. 196417)
  michaelzeller@quinnemanuel.com
  Tigran Guledjian (Bar No. 207613)
  tigranguledjian@quinnemanuel.com
  Christopher A. Mathews (Bar No. 144021)
  chrismathews@quinnemanuel.com
  Valerie Roddy (Bar No. 235163)
  valerieroddy@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

*Counsel for Defendant Cribl, Inc. and
Defendant Clint Sharp*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

SPLUNK INC.,

                 Plaintiff,

     v.

CRIBL, INC., and CLINT SHARP, an
individual,

                 Defendants.

Case Number: 3:22-cv-07611-WHA

**STIPULATED PROTECTIVE ORDER**

1.  PURPOSES AND LIMITATIONS

         Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated

United States District Court
Northern District of California

United States District Court
Northern District of California

Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.4 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to

2

1    the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or

2    as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's

3    competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or

4    of a Party's competitor.

5        2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

6    Items: extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to

7    another Party or Non-Party would create a substantial risk of serious harm that could not be

8    avoided by less restrictive means.

9        2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely

10   sensitive "CONFIDENTIAL" Information or Items representing computer code and associated

11   comments and revision histories, patches, formulas, engineering specifications, or schematics that

12   define or otherwise describe in detail the algorithms or structure of software or hardware designs,

13   disclosure of which to another Party or Non-Party would create a substantial risk of serious harm

14   that could not be avoided by less restrictive means.

15       2.10   House Counsel: attorneys who are employees of a Party to this action. House

16   Counsel does not include Outside Counsel of Record or any other outside counsel.

17       2.11   Non-Party: any natural person, partnership, corporation, association, or other legal

18   entity not named as a Party to this action.

19       2.12   Outside Counsel of Record: attorneys who are not employees of a Party to this

20   action but are retained to represent or advise a Party to this action and have appeared in this action

21   on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

22       2.13   Party: any party to this action, including all of its officers, directors, employees,

23   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

24       2.14   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

25   Material in this action.

26       2.15   Professional Vendors: persons or entities that provide litigation support services

27   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

28

STIPULATED PROTECTIVE ORDER
Case No. 3:22-cv-07611-WHA

United States District Court
Northern District of California

1    organizing, storing, or retrieving data in any form or medium) and their employees and

2    subcontractors.

3        2.16    Protected Material: any Disclosure or Discovery Material that is designated as

4    "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as

5    "HIGHLY CONFIDENTIAL – SOURCE CODE."

6        2.17    Receiving Party: a Party that receives Disclosure or Discovery Material from a

7    Producing Party.

8    3.  SCOPE

9        The protections conferred by this Stipulated Protective Order cover not only Protected

10   Material (as defined above), but also (1) any information copied or extracted from Protected

11   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

12   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

13   Material. However, the protections conferred by this Stipulated Protective Order do not cover the

14   following information: (a) any information that is in the public domain at the time of disclosure to

15   a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

16   a result of publication not involving a violation of this Stipulated Protective Order, including

17   becoming part of the public record through trial or otherwise; and (b) any information known to

18   the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

19   from a source who obtained the information lawfully and under no obligation of confidentiality to

20   the Designating Party. Any use of Protected Material at trial shall be governed by a separate

21   agreement or order.

22   4.  DURATION

23       Even after final disposition of this litigation, the confidentiality obligations imposed by this

24   Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in

25   writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

26   dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment

27   herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

28

United States District Court
Northern District of California

4

this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

      5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Stipulated Protective Order requires:

      (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

5

1  affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

3  material. If only a portion or portions of the material on a page qualifies for protection, the

4  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

5  markings in the margins) and must specify, for each portion, the level of protection being asserted.

6        A Party or Non-Party that makes original documents or materials available for inspection

7  need not designate them for protection until after the inspecting Party has indicated which material

8  it would like copied and produced. During the inspection and before the designation, all of the

9  material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

10  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

11  copied and produced, the Producing Party must determine which documents, or portions thereof,

12  qualify for protection under this Stipulated Protective Order. Then, before producing the specified

13  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

15  SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of

16  the material on a page qualifies for protection, the Producing Party also must clearly identify the

17  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

18  each portion, the level of protection being asserted.

19        (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

20  Designating Party identify on the record, before the close of the deposition, hearing, or other

21  proceeding, all protected testimony and specify the level of protection being asserted. When it is

22  impractical to identify separately each portion of testimony that is entitled to protection and it

23  appears that substantial portions of the testimony may qualify for protection, the Designating Party

24  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

25  to have up to 21 calendar days to identify the specific portions of the testimony as to which

26  protection is sought and to specify the level of protection being asserted. Only those portions of

27  the testimony that are appropriately designated for protection within the 21 calendar days shall be

28

United States District Court
Northern District of California

covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 calendar days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Stipulated Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 calendar days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under

Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 calendar days of the initial notice of challenge or within 14 calendar days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 calendar days (or 14 calendar days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Presumptively, Protected Material can be shown to an officer, director, or employee of the Designating or Producing Party at any deposition, hearing, or trial.  Otherwise, Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL

United States District Court
Northern District of California

1    DISPOSITION).

2          Protected Material must be stored and maintained by a Receiving Party at a location and in

3    a secure manner that ensures that access is limited to the persons authorized under this Stipulated

4    Protective Order.

5          7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

6    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7    information or item designated "CONFIDENTIAL" only to:

8          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

9    said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

10   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

11   A);

12         (b) the officers, directors, and employees (including House Counsel) of the Receiving

13   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15         (c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

17   and Agreement to Be Bound" (Exhibit A);

18         (d) the court and its personnel;

19         (e) court reporters and their staff, mediators and their staff, professional jury or trial

20   consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary

21   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

22   (Exhibit A);

23         (f) during their depositions, witnesses in the action to whom disclosure is reasonably

24   necessary and who agree to keep the information confidential, unless otherwise objected to by the

25   Designating Party or the Producing Party, or ordered by the court. Pages of transcribed deposition

26   testimony or exhibits to depositions that reveal Protected Material must be separately bound by the

27   court reporter and may not be disclosed to anyone except as permitted under this Stipulated

28

United States District Court
Northern District of California

1    Protective Order; and

2          (g) the author or recipient of a document containing the information or a custodian or other

3    person who otherwise possessed or knew the information.

4          7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

5    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered

6    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

7    information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

8    "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

9          (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of

10   said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

11   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

12   A);

13         (b) With respect to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material,

14   no more than one (1) Designated House Counsel of the Receiving Party (1) who has no

15   involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

16   this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

17   A), and (4) as to whom the procedures set forth in Section 7.4(a)(1) below, have been followed.

18   For avoidance of doubt, Designated House Counsel of the Receiving Party may not receive access

19   to HIGHLY CONFIDENTIAL – SOURCE CODE material of the Producing Party absent express

20   permission from the Producing Party;

21         (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

22   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

23   and (3) as to whom the procedures set forth in Section 7.4(a)(2) below, have been followed;

24         (d) the court and its personnel;

25         (e) court reporters and their staff, mediators and their staff, professional jury or trial

26   consultants, mock jurors (with the exception of financial information designated as HIGHLY

27   CONFIDENTIAL – ATTORNEYS' EYES ONLY, which may not be shared with mock jurors),

28

United States District Court
Northern District of California

11

and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, and who agree to keep the information confidential, unless otherwise objected to by the Designating Party or the Producing Party, or ordered by the court.  In the event a Party taking a deposition intends to disclose to former employees such information, the Party taking the deposition must have a good faith belief that the former employee had access to the information during their employment.  The Party taking the deposition shall give the Designating Party or the Producing Party notice during the deposition (prior to questioning the witness on the document(s) or material(s)) of the specific document(s) or material(s) it intends to disclose to the former employee to allow the Designating Party or the Producing Party sufficient time to consider the disclosure and object. For clarity, this paragraph 7.3(f) does not prohibit the Party taking the deposition from disclosing to a deposition witness any document authored by the Party taking the deposition or an employee thereof (regardless of which Party produced the document in the litigation), nor does it require the Party taking the deposition to provide advance notice regarding such documents. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

   7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts, or of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to Designated House Counsel.</u>

12

1      (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

2   Party, a Party that seeks to disclose to Designated House Counsel any information or item that has

3   been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to

4   Section 7.3(b) above first must make a written request to the Designating Party that (1) sets forth

5   the full name of the Designated House Counsel and the city and state of his or her residence, and

6   (2) describes the Designated House Counsel's current and reasonably foreseeable future primary

7   job duties and responsibilities in sufficient detail to determine if the Designated House Counsel is

8   involved, or may become involved, in any competitive decision-making.

9      (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

10  Party, a Party that seeks to disclose to an Expert (as defined in this Stipulated Protective Order)

11  any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

12  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c)

13  above first must make a written request to the Designating Party that (1) identifies the general

14  categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

15  CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to

16  disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

17  primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

18  current employer(s), (5) identifies each person or entity from whom the Expert has received

19  compensation or funding for work in his or her areas of expertise or to whom the expert has

20  provided professional services, including in connection with a litigation, at any time during the

21  preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location

22  of court) any litigation in connection with which the Expert has offered expert testimony,

23  including through a declaration, report, or testimony at a deposition or trial, during the preceding

24  five years.

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

United States District Court
Northern District of California

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within five (5) calendar days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) calendar days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8. SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it falls within the definition for such material provided herein.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

14

United States District Court
Northern District of California

1    shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

2    ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom

3    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as

4    set forth in Sections 7.3 and 7.4 above, with the exception of Designated House Counsel.

5         (c)    Any source code produced in discovery shall be made available for inspection, in a

6    format allowing it to be reasonably reviewed and searched, during normal business hours (9:00

7    AM to 5:00 PM local time) or at other mutually agreeable times, at an office of the Producing

8    Party's counsel in this District or another mutually agreed upon location. The source code shall be

9    made available for inspection on a secured computer (a "Review Computer") in a secured room,

10   and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source

11   code onto any recordable media or recordable device. At the Producing Party's discretion, the

12   Producing Party may remove Internet or network access and disable USB ports or other

13   connectivity from the Review Computer. The Producing Party may visually monitor the activities

14   of the Receiving Party's representatives during any source code review, but only to ensure that

15   there is no unauthorized recording, copying, or transmission of the source code. No smartphones,

16   smart watches, tablets, personal digital assistants (PDAs), cell phones, cameras, voice recorders,

17   or other personal communication devices are permitted in the secure room containing the Review

18   Computer, with the exception of a single laptop computer, provided by the Producing Party,

19   without Internet access or network access and with disabled USB ports, which may be used by the

20   Receiving Party to take notes relating to the source code.  Such notes may not copy or include any

21   portions or sections of the source code. The Receiving Party may use Microsoft Word as the note-

22   taking software on the note-taking laptop. The note-taking laptop shall include software for

23   encrypting the notes (*e.g.*, Microsoft Word), and the Receiving Party shall encrypt all such notes

24   taken on the note-taking laptop using password(s) known only to the Receiving Party, although the

25   password(s) shall be provided to the Producing Party to the extent necessary to comply with this

26   Stipulated Protective Order if ordered to by the Court. The Producing Party will not monitor the

27   contents of any notes taken using the note-taking laptop, except to the extent necessary to comply

28

1   with this Stipulated Protective Order. The Producing Party is entitled to retain encrypted copies of

2   the notes, but shall not attempt to decrypt the notes, except in consultation with the Receiving

3   Party to the extent necessary to comply with this Stipulated Protective Order. The Receiving Party

4   may request that USB functionality on the note-taking laptop be re-enabled for the sole purpose of

5   copying notes, after which point USB functionality will again be disabled.[2] The Receiving Party is

6   also entitled to take notes by hand. The Receiving Party's notes, whether hand-written or

7   electronic from the note-taking laptop, shall not contain any verbatim copies of lines of source

8   code. The Receiving Party's notes shall be treated in accordance with the requirements of Fed. R.

9   Civ. P. 26(b)(4)(B) or (C) as appropriate.  The Producing Party shall provide a separate, breakout

10   room for the source code reviewer where other electronic devices may be used, including, for

11   example, smartphones, smart watches, tablets, laptops, voice recorders, or other personal

12   communication devices.

13          (d)     The Receiving Party may request paper copies of limited portions of source code

14   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other

15   papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing

16   the source code other than electronically as set forth in Section 8(c) above in the first instance.

17   Such request shall identify requested prints by filename, path, and line numbers. The Producing

18   Party shall provide all such source code in paper form including the filename, path, line number (if

19   available), bates numbers, and, at the option of the Producing Party, the watermark "HIGHLY

20   CONFIDENTIAL – SOURCE CODE." The Producing Party may challenge the amount of source

21   code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set

22   forth in Section 6 above (CHALLENGING CONFIDENTIALITY DESIGNATIONS) whereby

23   the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party"

24   for purposes of dispute resolution.

25   _____

26   [2] The Receiving Party will make its best efforts to provide advance notice of its intent to copy
     notes from the note-taking laptop, and the Parties acknowledge that there may be certain dates
27   upon which the necessary personnel for enabling and disabling USB ports is unavailable. Such
     unavailability will not be interpreted as a violation of this Stipulated Protective Order.

28

STIPULATED PROTECTIVE ORDER
Case No. 3:22-cv-07611-WHA

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

(e)      The Receiving Party shall maintain a record of any individual who has inspected or otherwise viewed any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format (including in the context of Zoom meetings or e-mails). The Receiving Party shall only make additional paper copies (as set forth in Section 8(e)(1) below) if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.  If the Producing Party agrees to produce an electronic copy of all or any portion of its source code or to provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of source code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view source code under Section 7.3 above. Where the Producing Party has provided express written permission for a Receiving Party to create electronic copies of source code, the Receiving Party shall maintain a log of all such electronic copies of any portion of source code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Stipulated Protective Order.

(1)      If source code is quoted or set forth in a confidential pleading, infringement contention, or expert report, the Party will limit the amount of such source code to what is reasonably necessary for the Party to make its point. For depositions, a Receiving Party may, on reasonable notice, request that the Producing Party provide at the deposition an electronic copy of

17

specific printed pages of source code identified by production numbers and/or provide a Review Computer during the deposition. The Producing Party will not unreasonably withhold consent to providing said paper copies or said Review Computer at the deposition. Copies of source code will not be introduced as exhibits during a deposition or attached to any deposition transcripts.

(f)     The Review Computer shall be configured with sufficient software for accessing the materials produced on the Review Computer, including software for accessing and browsing any version control system(s) in which the code is stored (e.g., if the Review Computer hosts a git version control repository, the Review Computer will include git software for accessing the information contained within the repository). The Receiving Party may request that additional software tools be installed on the Review Computer to assist the Receiving Party's review of the source code, to the extent that such tools are reasonably necessary for review, their installation is practicable, and their use and installation does not reasonably present a security risk with respect to the materials produced on the Review Computer. The Producing Party makes no guarantee that any requested software is compatible with the Review Computer or the source code, but will make its best efforts to install the requested tools.

(g)     All access to the Review Computer shall be documented by the Producing Party on a Source Code Access Log identifying, for each and every time any source code is viewed: (1) the name of each person who viewed the code; (2) the date and time of viewing, access, or analysis; (3) the length of time of viewing, access, or analysis; and (4) a copy of any hard (non-electronic) copies of any portion of the code that were produced.

(h)     Prior to the first inspection of any requested source code, the Receiving Party shall provide five (5) calendar days' notice of the source code that it wishes to inspect, and the Receiving Party shall provide two (2) calendar days' notice prior to any additional inspections, although the Parties will be reasonable in accommodating reasonable requests to conduct inspections with fewer days' notice and in accommodating source code review room and staffing scheduling conflicts.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

1   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

2   CODE". Such information produced by Non-Parties in connection with this litigation is protected

3   by the remedies and relief provided by this Stipulated Protective Order. Nothing in these

4   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

5          (b)     In the event that a Party is required, by a valid discovery request, to produce a Non-

6   Party's confidential information in its possession, and the Party is subject to an agreement with the

7   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

8                  1.      promptly notify in writing the requesting Party and the Non-Party that some

9   or all of the information requested is subject to a confidentiality agreement with a Non-Party;

10                 2.      promptly provide the Non-Party with a copy of this Stipulated Protective

11  Order, the relevant discovery request(s), and a reasonably specific description of the information

12  requested; and

13                 3.      make the information requested available for inspection by the Non-Party.

14         (c)     If the Non-Party fails to object or seek a protective order from this court within 14

15  calendar days of receiving the notice and accompanying information, the Party may produce the

16  Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

17  seeks a protective order, the Party shall not produce any information in its possession or control

18  that is subject to the confidentiality agreement with the Non-Party before a determination by the

19  court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of

20  seeking protection in this court of its Protected Material.

21  11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23  Material to any person or in any circumstance not authorized under this Stipulated Protective

24  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

25  _____

26  [4] The purpose of this provision is to alert the interested parties to the existence of confidentiality
    rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
27  interests in this court.

28                                                    20

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

1   data, and the Receiving Party shall take measures necessary to ensure compliance.

2        13.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party

3   or a court order secured after appropriate notice to all interested persons, a Party may not file in

4   the public record in this action any Protected Material. A Party that seeks to file under seal any

5   Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

6   under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

7   issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

8   establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

9   otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

10   Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving

11   Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless

12   otherwise instructed by the court.

13   14. <u>FINAL DISPOSITION</u>

14        Within 60 calendar days after the final disposition of this action, as defined in Section 4

15   above (DURATION), each Receiving Party must return all Protected Material to the Producing

16   Party or destroy such material. As used in this subdivision, "all Protected Material" includes all

17   copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

18   the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving

19   Party must submit a written certification to the Producing Party (and, if not the same person or

20   entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where

21   appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

22   Receiving Party has not retained any copies, abstracts, compilations, summaries or any other

23   format reproducing or capturing any of the Protected Material. Notwithstanding this provision,

24   Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

25   and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

26   reports, attorney work product, and consultant and expert work product, even if such materials

27   contain Protected Material (with the exception of any material designated as HIGHLY

28

22

1  CONFIDENTIAL – SOURCE CODE). Any such archival copies that contain or constitute

2  Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4

3  above (DURATION).

4          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED: May 25, 2023              */s/ Andrew G. Pearson*
                                    FISH & RICHARDSON P.C.
7                                   Andrew G. Pearson
                                    *Counsel for Plaintiff SPLUNK INC.*
8

9  DATED: May 23, 2023              */s/ Tigran Guledjian*
                                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
10                                  Tigran Guledjian
                                    *Counsel for Defendant Cribl, Inc. and*
11                                  *Defendant Clint Sharp*

12          PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14  DATED: _____ _____
15                                   Hon. William H. Alsup
                                     United States District Judge
16  _____

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. 3:22-cv-07611-WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,
declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of *Splunk Inc. v. Cribl, Inc. and Clint Sharp*, 3:22-cv-07611-WHA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

24

STIPULATED PROTECTIVE ORDER
Case No. 3:22-cv-07611-WHA