1  Frank E. Scherkenbach (CA SBN 142549)
   scherkenbach@fr.com
2  Andrew G. Pearson (*Pro Hac Vice*)
   pearson@fr.com
3  Adam Kessel (*Pro Hac Vice*)
   kessel@fr.com
4  Kevin Su (*Pro Hac Vice*)
   su@fr.com
5  Ethan J. Rubin (*Pro Hac Vice*)
   erubin@fr.com
6  Kayleigh E. McGlynn (*Pro Hac Vice*)
   mcglynn@fr.com
7  Daniel H. Wade (*Pro Hac Vice*)
   wade@fr.com
8  FISH & RICHARDSON P.C.
   One Marina Park Drive
9  Boston, MA 02210
   Telephone: (617) 542-5070
10 Facsimile: (617) 542-8906

11 Olivia T. Nguyen (CA SBN 337927)
   onguyen@fr.com
12 FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 400
13 Redwood City, CA 94063
   Telephone: (650) 839-5070
14 Facsimile: (650) 839-5071

15 Counsel for Plaintiff-Counter-Defendant
   SPLUNK INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SPLUNK INC., <br><br> Plaintiff, <br> v. <br> CRIBL, INC., and CLINT SHARP, an individual, <br><br> Defendants. <br>―――――――――――――――<br> CRIBL, INC., <br><br> Counterclaimant, <br> v. <br> SPLUNK INC., <br><br> Counter-Defendant. | Case No. 3:22-cv-07611-WHA <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT OF THE PATENT CLAIMS UNDER FED. R. CIV. P. 54(b)** <br><br> DATE: Oct. 19, 2023 <br> TIME: 8:00 AM <br> JUDGE: Honorable William H. Alsup <br><br> **JURY TRIAL DEMANDED** |

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| III. | ISSUES TO BE DECIDED | 3 |
| IV. | APPLICABLE LAW | 3 |
| V. | THE COURT SHOULD ENTER final JUDGMENT ON THE PATENT CLAIMS UNDER RULE 54(**b**) | 4 |
| | A. The Court's Orders on Section 101 Are Final | 4 |
| | B. The Patent Eligibility Issues Are Separable from the Pending Non-Patent Claims, and There Is No Just Reason to Delay Their Resolution on Appeal | 5 |
| |     1. The Patent Claims Are Separable | 5 |
| |     2. The Federal Circuit Will Not Need to Address the Patent Eligibility Issues More than Once | 6 |
| |     3. The Equities Favor Immediate Entry of Judgment | 7 |
| VI. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*23andMe, Inc. v. Ancestry.com DNA, LLC*,
  No. 18-CV-02791-EMC, 2018 WL 5793473 (N.D. Cal. Nov. 2, 2018),
  *aff'd,* 778 F. App'x 966 (Fed. Cir. 2019) ................................................................. 4, 5, 6, 7

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
  573 U.S. 208 (2014) .................................................................................................................. 2

*C.R. Bard, Inc. v. Med. Components, Inc.*,
  No. 2022-1136, 2023 WL 2064163 (Fed. Cir. Feb. 17, 2023) ................................................... 7

*Catlin v. United States*,
  324 U.S. 229 (1945) .................................................................................................................. 4

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
  446 U.S. 1 (1980) .................................................................................................................. 3, 4

*Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*,
  803 F.3d 620 (Fed. Cir. 2015) ................................................................................................... 6

*HTC Corp v. IPCom GMBH & Co., KG*,
  285 F.R.D. 130 (D.D.C. 2012) .................................................................................................. 6

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
  No. C-10-04686, 2012 WL 6680304 (N.D. Cal. Dec. 21, 2012) ........................................... 5, 6

*Storage Tech. Corp. v. Cisco Sys., Inc.*,
  329 F.3d 823 (Fed. Cir. 2003) ................................................................................................... 3

*Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*,
  836 F. App'x 895 (Fed. Cir. 2020) ............................................................................................ 5

*W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.*,
  975 F.2d 858 (Fed. Cir. 1992) ........................................................................................... passim

**Statutes**

35 U.S.C. § 101 ............................................................................................................................. passim

**Other Authorities**

FED. R. CIV. P. 54(b) ....................................................................................................................... passim

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on October 19, 2023 at 8:00 AM, or as soon thereafter as counsel may be heard, before the Honorable Judge William H. Alsup, in Courtroom 12 located at Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Splunk Inc. ("Plaintiff" or "Splunk") will and hereby does move the Court to enter final judgment under Fed. R. Civ. P. 54(b) of unpatentability for ineligible subject matter of the asserted claims of U.S. Patent No. 9,762,443, U.S. Patent No. 10,805,438, U.S. Patent No. 9,208,206, U.S. Patent No. 10,255,312, and U.S. Patent No. 9,838,467, in view of the Court's prior order granting Defendants' motion to dismiss for lack of patent eligibility (Dkt. No. 55) and the Court's prior order denying Splunk's motion to amend (Dkt. No. 74). Splunk has filed with this Motion, as **Exhibit A**, Defendants' Response to Splunk's Interrogatory No. 11, dated July 28, 2023.

In view of those prior orders, Splunk requests that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b), finding that the asserted patent claims are unpatentable for ineligible subject matter under 35 U.S.C. § 101.

## I. INTRODUCTION

On March 17, 2023, the Court issued an Order (Dkt. No. 55) finding that the asserted patents in this case were directed to ineligible subject matter under 35 U.S.C. § 101. Thereafter, Splunk moved for leave to amend its complaint to address the Court's findings and add related factual allegations, and Splunk's motion was denied on grounds of futility. Dkt. No. 74. Splunk intends to appeal the decisions finding its patent claims unpatentable under § 101, but the remaining non-patent counts preclude immediate appeal. However, since these Orders are the final disposition of all patent-related counts, and concern only the isolated and discrete issue of subject matter eligibility, there is no just reason for delaying Splunk's pursuit of an interlocutory appeal under Fed. R. Civ. P. 54(b). Indeed, Splunk should be permitted to appeal now, both to resolve the cloud that is hanging over the asserted patents and to counter Defendants' leverage of the Orders in "talking points" they have provided to Cribl employees to communicate to the industry. Thus, in view of the Court's prior orders granting Defendants' motion to dismiss and denying Splunk's motion to amend, Splunk requests that the Court enter a final judgment pursuant to Fed. R. Civ. P. 54(b) that the asserted patent claims are

unpatentable for ineligible subject matter under § 101, thereby certifying the Court's Orders for immediate appeal.

## II. BACKGROUND

Splunk brought this suit against Defendants in December 2022. Dkt. No. 1. Splunk asserted fourteen counts, including patent infringement, copyright infringement, DMCA violations, breach of contract, and unfair competition. *Id.* The complaint asserted five patents: U.S. Patent No. 9,762,443, U.S. Patent No. 10,805,438, U.S. Patent No. 9,208,206, U.S. Patent No. 10,255,312, and U.S. Patent No. 9,838,467. *Id.* Defendants challenged the complaint through a motion to dismiss (Dkt. No. 31) arguing, *inter alia*, that the asserted patents were directed to ineligible subject matter under § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). On March 17, 2023, the Court granted Cribl's motion in part, finding that all asserted claims of all five asserted patents were directed to ineligible subject matter under § 101. Dkt. No. 55. Splunk sought leave to amend its complaint to allege additional facts demonstrating the subject matter eligibility of the asserted patents. Dkt. No. 59. The Court denied leave to amend on June 23, 2023. Dkt. No. 74.

The parties thereafter (on July 7) mediated the case but were unable to resolve it. Later, as discovery proceeded, Defendants disclosed that they had communicated with "third parties" including at least "partners or investors" regarding this lawsuit. Ex. A (2023-07-28 Response to Splunk's 4th Set of Interrogatories) at 21-24. In particular, Defendants revealed that they "provid[ed] talking points for Cribl's employees to use to address any questions by third parties." Initially, these talking points instructed Cribl employees to state that "[t]he patents that form the basis of this suit are likely overbroad and invalid … As an initial matter, the federal judge assigned to the case agreed with Cribl and dismissed the patent claims almost immediately." *Id.* at 22-23. While Splunk's motion for leave to amend (Dkt. No. 59) was pending, Defendants amended their talking points to note that "Splunk is seeking to reassert [its patents] currently." *Id.* at 23. After the Court denied Splunk leave to amend (Dkt. No. 74), Defendants' talking points were revised to state that "Cribl moved to dismiss serious patent claims and the federal judge assigned to the case agreed with us and dismissed those claims almost immediately." *Id.* The talking points do not convey that Splunk has the right to appeal

the Court's Orders (or intends to do so), stating instead that Defendants "ha[ve] moved on to opposing" Splunk's other claims against Defendants. *Id.*

On August 14, 2023, Splunk requested Defendants' position on this intended Motion. On August 15, 2023, Defendants replied, asking if Splunk would be seeking a stay of the case in its entirety pending appeal if final judgment were entered on the patent claims under Rule 54(b), or if Splunk would oppose a complete stay as a condition of entry of final judgment. On the same day, Splunk responded, stating that Splunk will not be seeking a stay pending appeal and would oppose a request to stay its other pending claims as a condition of entry of final judgment on the patent claims. On August 17, 2023, Defendants stated that they opposed Splunk's proposed motion. On August 24, 2023, Splunk requested that Defendants provide the basis for their opposition to Splunk's proposed motion, which Cribl provided on August 25, 2023.

### III. ISSUES TO BE DECIDED

Whether the Court should enter final judgment, pursuant to Fed. R. Civ. P. 54(b), that Splunk's asserted patent claims are unpatentable for ineligible subject matter under 35 U.S.C. § 101 and certify this discrete issue for immediate appeal.

### IV. APPLICABLE LAW

Federal Rule of Civil Procedure 54(b) allows a district court to enter partial final judgment on one or more claims in a multi-claim or multiparty action. Fed. R. Civ. P. 54(b). There are two requirements for entry of final judgment under Rule 54(b): (1) the claim must be finally adjudicated; and (2) there is no just reason to delay entry of final judgment. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).[1] When determining whether there is no just reason to delay entry of final judgment under Fed. R. Civ. P. 54(b), courts consider: (1) whether the claims are separable from the others remaining to be adjudicated; (2) whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once; and (3) the possibility that the need for review might or might not be rendered moot by future developments in

---

[1] Federal Circuit law applies to Rule 54(b)-certification issues concerning patent claims, rather than regional circuit law. *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003).

the district court. *Curtiss-Wright*, 446 U.S. at 6, 8; *W.L. Gore*, 975 F.2d at 862. Additionally, when deciding whether there are no just reasons for delay, a district court must consider judicial administrative interests, as well as the equities involved. *Curtiss-Wright*, 446 U.S. at 6.

## V. THE COURT SHOULD ENTER FINAL JUDGMENT ON THE PATENT CLAIMS UNDER RULE 54(B)

This Court should enter final judgment pursuant to its Orders (Dkt. Nos. 55 and 74) finding that the asserted patent claims are patent ineligible under 35 U.S.C. § 101 and declining to allow amendment. The Orders are final because the Court has completely resolved Splunk's patent causes of action against Defendants. And there is no "just reason" for delaying an appeal, because the subject-matter eligibility issue is separable from Splunk's non-patent claims and there are no possible future developments in the district court litigation that would result in either repeated appellate review of the § 101 question or mooting the need for appeal. Splunk's appeal is ripe, and Splunk should be permitted to appeal now to lift the cloud that Defendants have cast over Splunk's patent rights with the talking points they have provided to Cribl's employees. *23andMe, Inc. v. Ancestry.com DNA, LLC*, No. 18-CV-02791-EMC, 2018 WL 5793473, at *2 (N.D. Cal. Nov. 2, 2018), *aff'd,* 778 F. App'x 966 (Fed. Cir. 2019). Indeed, Splunk should not be forced to sit idly by while Defendants sow confusion in the market (including, Splunk suspects, among joint customers of Splunk and Cribl) related to the patent-eligibility of Splunk's asserted patents, which the Federal Circuit has yet to address. Splunk has an immediate interest in resolving the § 101 question regarding its patent claims.

### A. The Court's Orders on Section 101 Are Final

This Court's Orders on Defendants' Motion to Dismiss and Splunk's Motion for Leave to Amend constitute a final resolution of Splunk's patent claims in this court. Dkt. No. 55; Dkt. No. 74. The Court's Orders "end[ed] the litigation [of the patent counts] on the merits and le[ft] nothing for the court to do but execute the judgment" as to the asserted patent claims because the Court has found them patent-ineligible under § 101. *Catlin v. United States*, 324 U.S. 229, 233 (1945). Thus, the Court's Orders on the discrete issue of patent eligibility of the asserted claims are "final." The patent claims are ripe for immediate appeal.

## B. The Patent Eligibility Issues Are Separable from the Pending Non-Patent Claims, and There Is No Just Reason to Delay Their Resolution on Appeal

The patent eligibility issues are separable both from the non-patent claims and from any other patent issues that might arise later should this Court's rulings on ineligible subject matter be reversed or vacated on appeal. *W.L. Gore*, 975 F.2d at 862. The Federal Circuit would not have to decide the patent eligibility issues more than once; any decision it would make in the context of a Rule 54(b) appeal at minimum would be law of the case. In addition, future developments on issues pending before this Court would not moot the appeal, because none of the remaining issues has anything to do with the subject matter eligibility of Splunk's patent claims. *Id.*

The parties are actively litigating the non-patent claims, but there is no reason to complete proceedings on the non-patent claims before allowing Splunk to appeal the distinct and separate legal question of whether the asserted patents claims are directed to eligible subject matter.

### 1. The Patent Claims Are Separable

The patent issues for immediate appeal are separable from all other pending claims. They are also separable from any other patent issues that might arise on remand in the event the Federal Circuit finds any of Splunk's claims patent-eligible. District courts should look to "the factual relatedness of [the] separate claims for relief . . . in deciding whether to exercise discretion to certify an appeal." *Nazomi Commc'ns, Inc. v. Nokia Corp.*, No. C-10-04686, 2012 WL 6680304, at *2 (N.D. Cal. Dec. 21, 2012) (citing *W.L. Gore*, 975 F.2d at 864). Here, the proposed appeal and the remaining non-patent claims "are sufficiently distinct so that duplicative appellate review will be avoided" as the patent issues are separable and ripe for appeal. *23andMe,* 2018 WL 5793473, at *2 (entering Rule 54(b) final judgment on claims found § 101 ineligible at motion to dismiss).

Indeed, the patent claims are significantly different than the copyright, breach of contract, unfair competition, tortious interference, and DMCA claims still pending, and are thus readily separable. *See*, *e.g.*, *id.* (entering Rule 54(b) final judgment on claims found § 101 ineligible at motion to dismiss despite non-patent claims still pending); *see also Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, 836 F. App'x 895, 896-97 (Fed. Cir. 2020) (patent claims were properly certified for appeal even though unfair competition counterclaims were still pending). The remaining parts of the case

rely on entirely different facts and law from the remaining claims, and the patent claims require independent factual findings and legal issues to resolve. The Court's Orders illustrate the patent claims' separability for Rule 54(b) purposes—the Court's resolution of the parties' § 101 arguments did not involve any findings of fact or conclusions of law as to the remaining, non-patent, issues. *23andMe*, 2018 WL 5793473, at *2; *see also HTC Corp v. IPCom GMBH & Co., KG*, 285 F.R.D. 130, 132 (D.D.C. 2012) (certifying appeal on two of three asserted patents even though the "technology involved in [all] three patents relate[d] to mobile phones" because there were no "overlapping issues" as to the remaining patent). Nor did Defendants identify any purported overlap between Splunk's patent and non-patent claims in their Motion to Dismiss. Dkt. No. 31; Dkt. No. 41.

Moreover, after the Court's Orders, there is nothing further for the Court or the parties to litigate on the patents in district court. If the patents are found eligible under § 101 on appeal, the balance of the patent issues (*e.g.*, infringement, prior-art invalidity, and damages) would be litigated in the first instance if and when the patent claims are remanded from the Federal Circuit. Thus, the patent eligibility issues are separable from the others remaining to be adjudicated. *W.L. Gore*, 975 F.2d at 862.

### 2. The Federal Circuit Will Not Need to Address the Patent Eligibility Issues More than Once

An "important consideration is whether an 'appellate court would have to decide the same issues more than once . . . if there were subsequent appeals.'" *Nazomi*, 2012 WL 6680304, at *2 (quoting *Curtis-Wright*, 446 U.S. at 7). Here, no such risk exists. The proposed appeal concerns a discrete legal question: whether the asserted patent claims are patent-eligible under § 101 in light of the well-pleaded allegations in the complaint and Splunk's proposed amended complaint. After Splunk exhausts its appeal rights, if the Federal Circuit deems the claims patent-eligible (or not), the Federal Circuit would not revisit such decided issues in any subsequent appeal. *Dow Chem. Co. v. Nova Chemicals Corp. (Canada)*, 803 F.3d 620, 627 (Fed. Cir. 2015) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in *subsequent stages in the same case*" (citation omitted) (emphasis in original)).

Additionally, there are no further developments in this Court that could render the need for review moot. *W.L. Gore*, 975 F.2d at 862. The Court has already declared the patents subject matter ineligible under § 101. Further, the Court has denied Splunk leave to amend its complaint to provide additional factual matter demonstrating subject matter eligibility under § 101. Dkt. No. 74. Splunk's next step is pursuing its right to appeal.

### 3. The Equities Favor Immediate Entry of Judgment

The equities favor certifying this Court's final judgment for appeal without delay. First, Splunk seeks an immediate appeal so that Splunk can lift the cloud as to the subject matter eligibility of the asserted patents. Defendants are currently touting the Court's Orders regarding the patent eligibility of Splunk's patent claims, and Splunk should be permitted to pursue a prompt appeal to make clear the state of affairs to the industry: this Court agreed with Defendants that Splunk's asserted patent claims are directed to ineligible subject matter, but Splunk will be appealing that ruling, and Splunk's asserted patent claims may yet be confirmed patent-eligible by the Federal Circuit. Defendants' talking points do not even refer to the possibility of an appeal, and instead suggest that the validity of Splunk's patent claims is a done deal. While the issue of subject matter eligibility is final before this Court, the issue is not fully resolved until Splunk exhausts its appeal rights. *See C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2022-1136, 2023 WL 2064163 (Fed. Cir. Feb. 17, 2023) (district court's "ultimate conclusion on patent eligibility" reviewed de novo). Indeed, this judicial district has reasoned that "a delay in the entry of judgment would cause some hardship or injustice to [the plaintiff]; now that the Court has determined that [the plaintiff's] patent is invalid as unpatentable, that ruling casts a cloud on [the plaintiff's] ability to assert the patent against other entities or persons." *23andMe*, 2018 WL 5793473, at *2. So too here. There is no doubt that the Court's rulings cast a cloud on the merits and the enforceability of Splunk's patent claims; indeed, both parties recognize this effect. Splunk's desire to seek an immediate appeal is no different from Defendants' desire to immediately tout the outcome of their § 101 challenge in this Court.

Second, certifying an appeal under Rule 54(b) will not cause any prejudice to Defendants. To the extent Defendants take issue with separating the patent claims from the non-patent claims and potentially requiring two trials, that is the consequence of Defendants' early § 101 challenge—not a

7   PL'S NOT OF MOT & MOT FOR ENTRY OF FINAL JUDGMENT
OF THE PATENT CLAIMS UNDER FED. R. CIV. P. 54(b)
Case No. 3:22-cv-07611-WHA

result of Splunk's intent to seek immediate appeal of the § 101 issues. Indeed, the potential for multiple trials between the parties exists regardless of when Splunk is permitted to appeal the Court's Orders. Even if Splunk postpones its appeal until the completion of trial on the non-patent claims, this Court may need to hold a second trial on Splunk's patent infringement claims if even one claim from the asserted patents is remanded. Similarly, to the extent that Defendants take issue with being required to brief and argue the appeal at the same time that litigation of unrelated claims proceeds here, Defendants merely state a consequence of every grant of final judgment under Rule 54(b). Defendants are represented by a large firm that is plainly capable of handling the patent appeal in parallel with ongoing litigation on the remaining claims.

## VI. CONCLUSION

For these reasons, Splunk respectfully requests that this Court, pursuant to Fed. R. Civ. P. 54(b), enter final judgment of unpatentability under 35 U.S.C. § 101 of the asserted patent claims and certify the judgment for immediate appeal.

Dated: September 1, 2023

FISH & RICHARDSON P.C.

By: /s/ Frank E. Scherkenbach
Frank E. Scherkenbach

Counsel for Plaintiff
SPLUNK INC.