# Splunk's Discovery Letter Brief

# Redacted Version of Document Sought to be Sealed



**FILED UNDER SEAL**

Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210

617 542 5070 main
617 542 8906 fax

October 10, 2023

Honorable William H. Alsup
U.S. District Court for the Northern District of California
San Francisco Courthouse, Courtroom 12 – 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

**Andrew G. Pearson**
Principal
pearson@fr.com
617 521 7020 direct

Re:  *Splunk Inc. v. Cribl, Inc. and Clint Sharp*, Case No. 3:22-cv-07611-WHA

Dear Judge Alsup:

Pursuant to the Supplemental Order to Order Setting Initial Case Management Conference, ¶ 34, Plaintiff Splunk respectfully requests that the Court order Cribl to produce a document it has improperly redacted for privilege. This document is an email from Ledion Bitincka (Cribl's CTO and co-founder) to David Maislin (a Cribl sales employee), sent in response to Mr. Maislin's request for information he could use to respond to a particular customer's questions. Ex. 1 (Maislin Dep. Ex. 23). Mr. Maislin's testimony, and documents that Cribl first produced after Mr. Maislin's recent deposition, show that (1) Mr. Bitincka's email was prepared to respond to a third-party customer inquiry and not made with the expectation that the information would be kept confidential within Cribl; (2) the information was in fact shared with the customer; and (3) even accepting Cribl's arguments to the contrary as true, Mr. Bitincka's email was shared within Cribl beyond those with even an arguable "need to know" the information. Thus, no portion of Mr. Bitincka's email is privileged, and even if it were, that privilege was waived.

As background, in 2021, ███████████████████████████████████████████
███████████████████████████████████, which along with Cribl's partially related and extensive use of Splunk's software, is a core issue in this litigation. ███████
███████████████████████



Ex. 1 at -969. ████████████████████████████████████████
████████████████████████████████████████████████ *Id.*; *see also*
Ex. 2 (Maislin Dep.) at 309:2-9 ███████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████



Ex. 2 at 309:11-310:5. Mr. Bitincka's partially redacted response to Mr. Maislin's ▮▮▮ is below:

[REDACTED]

Ex. 1 at -968. The first unredacted sentence in the email ▮▮▮. The unredacted portions of the email contain no ▮▮▮ Id. at -968-69. Logic dictates that the redacted portion is ▮▮▮

Indeed, this conclusion is borne out by documents produced after Mr. Maislin's deposition. For example, shortly after Mr. Bitincka's email, ▮▮▮ Ex. 3 (CRIBL_00071990).[1] These documents, and Mr. Maislin's above-cited deposition testimony, reflect that Mr. Bitincka's email is not privileged, and that any such privilege would have been waived in view of Cribl's communications to ▮▮▮

Cribl cannot satisfy its burden of demonstrating that privilege applies to the redacted content, and it should be required to produce the full original email. *See United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (party asserting privilege has burden of establishing privilege).

---

[1] Further, Mr. Maislin's response to Mr. Bitincka (also produced after Mr. Maislin's deposition) confirms that Mr. Bitincka's email was intended to respond to a customer question, and was not an internal privileged conveyance of legal advice. Ex. 4 (CRIBL_00071992) ▮▮▮ *see also* Ex. 5 (CRIBL_00072003) ▮▮▮

2



*First*, Cribl should be required to produce the unredacted email because it was prepared for the purpose of responding to a customer inquiry, as reflected above, and therefore was not "made in confidence." *See, e.g., id.* at 609 (statements to attorneys were not privileged because they "were not 'made in confidence' but rather for the purpose of disclosure to the outside auditors"). Indeed, the email chain does not include any attorneys, any instructions to limit dissemination of the email, or any facial indicia that a portion of the email was intended to convey confidential legal advice not to be shared outside of Cribl. Ex. 1.

*Second*, to the extent there was ever any privilege, Cribl waived it by disclosing the information in the email to ▮▮▮▮. Mr. Maislin's testimony, and the documents that Cribl produced after his deposition, confirm that the information in the email was in fact communicated to ▮▮▮▮. *See* Ex. 2 at 309:21-310:5 

*Third*, Cribl waived any alleged privilege because the Cribl employees that received the email had no "need to know" the allegedly privileged information. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 514 (S.D. Cal. 2003) ("In order for the privilege to apply . . . the communication should not have been disseminated beyond those persons who need to know the information."). In fact, Mr. Maislin testified ▮▮▮▮ Ex. 2 at 299:12-300:6. Thus, Mr. Maislin was sent the information by Mr. Bitincka to share it with a customer (resulting in waiver), or he was sent the information without a "need to know" (resulting in waiver).

*Fourth*, Cribl waived any alleged privilege because Mr. Maislin forwarded Mr. Bitincka's email to another Cribl employee (Nick Romito, an engineer) who did not have a "need to know" the information. Ex. 4 (forwarded email to Nick Romito). Mr. Romito testified that he did not know why this email was sent to him in the first place, was unaware of a request that Mr. Maislin forward it to him, and doubted that he ever had discussions regarding the email with anyone. Ex. 6 (Romito Dep.) at 226:11-227:19. Thus, Mr. Romito plainly did not have a "need to know" the allegedly privileged information within Mr. Bitincka's email.

For these reasons, Splunk respectfully requests that the Court order Cribl to produce Ex. 1 in unredacted form.[2] The parties have met and conferred either in person or telephonically on all issues raised in this letter.

Sincerely,

    */s/ Andrew G. Pearson*

Andrew G. Pearson
Counsel for Plaintiff-Counter-Defendant Splunk Inc.

---

[2] Alternatively, Splunk requests that the Court review the redacted portion of Ex. 1 *in camera* to assess Cribl's alleged privilege, and waiver, related to this material.