UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPLUNK INC.,

        Plaintiff,

  v.

CRIBL, INC. and CLINT SHARP,

        Defendants.

No. C 22-07611 WHA

**ORDER RE TODAY'S RULINGS**

As ruled on the record, plaintiff's motion for entry of final judgment as to plaintiff's patent claims (counts I–V) under Rule 54(b) was **DENIED**. Rule 54(b) allows a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action when there is no just reason for delay. When making this determination, the district court must consider judicial administrative interests and the equities involved. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). At this stage, trial in this action is less than six months away. The entry of partial final judgment would all but ensure two simultaneous appellate proceedings and could lead to additional separate trials and/or retrials. That would serve the interests of neither this Court nor the Federal Circuit — nor the parties, for that matter.

Meanwhile, as ruled on the record, defendants' motion for judgment on the pleadings under Rule 12(c) as to plaintiff's claims for tortious interference with prospective business relations under California law (count XIII) and violations of California's Unfair Competition Law (count XIV) was **DENIED**. Plaintiff must allege one or more wrongful acts to support

these claims. According to defendants, claims based on wrongful acts alleged by plaintiff are preempted by the California Uniform Trade Secrets Act ("CUTSA") and the Copyright Act, and they are otherwise inadequately pleaded. True, CUTSA and the Copyright Act can preempt claims based on wrongful acts, but the claims based on the wrongful acts alleged here may not be preempted when read in the light most favorable to the non-movant. The (adequately pleaded) complaint accounts for several ways in which defendants' conduct could have been wrongful, which are being elaborated and ventilated in discovery that is close to closed. The judge was wary of prematurely dismissing these fact-intensive claims.

Finally, with respect to the discovery dispute, as ruled on the record, plaintiff's motion to produce a document redacted for privilege was **DENIED WITHOUT PREJUDICE** to moving again on a better record. Any future motion for production involving privilege must be in the form of a standard 35-day motion, with chambers copies sent to the judge well before the hearing — including all exhibits — to avoid delays like we experienced at the hearing today.

**IT IS SO ORDERED.**

Dated: October 26, 2023.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE