UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPLUNK INC.,

        Plaintiff,

  v.

CRIBL, INC. and CLINT SHARP,

        Defendants.

No. C 22-07611 WHA

**ORDER RE RULE 12 AND DISCOVERY LETTER BRIEF SEALING MOTIONS**

This order addresses administrative motions to seal filed in association with Rule 12 motions and discovery letter briefs in this action (Dkt. Nos. 89, 91, 94, 98).

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not) and why. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. The compelling reasons standard applies to most judicial records. Evidentiary motions, such as motions *in limine* and *Daubert* motions, can be strongly correlative to the merits of a case. *Id.* at 1098–1100.

In addition, sealing motions filed in this district must contain a specific statement that explains: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. The material requested to be sealed must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c). For example, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome [the] strong presumption" in favor of access and provide compelling reasons for sealing. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). Compelling reasons may also warrant sealing for "sources of business information that might harm a litigant's competitive standing," especially where the public has "minimal interest" in the information. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978).

Finally, "[s]upporting declarations may not rely on vague boilerplate language or nebulous assertions of potential harm but must explain with particularity why any document or portion thereof remains sealable under the applicable legal standard." *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civ. L.R. 79-5). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

### 1. PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.

With its opposition to defendants' motion for partial judgment on the pleadings, plaintiff submitted a motion to consider whether portions of its opposition and four exhibits for which defendants claimed confidentiality should be sealed (Dkt. Nos. 89-3, 89-4, 89-5, 89-6, 89-7). Defendants provide the same boilerplate justification for sealing in each instance: that the material "reveals Cribl's internal strategies and business practices for operating and maintaining many of its important services," and "public disclosure of such confidential and proprietary information could affect Cribl's competitive standing as competitors may alter their systems and practices relating to competing products" (Dkt. No. 93 at 1–2). This vague

2

assertion is untethered to specific passages in these documents and is insufficient justification under *Kamakana* and Civil Local Rule 79-5. It remains unclear how specific passages in these documents could cause competitive harm. Indeed, it appears that this sealing request is really meant to hide unflattering statements related to claims and defenses in this litigation, which is certainly not the competitive harm *Kamakana* and Civil Local Rule 79-5 envision. For example, defendants seek to seal Cribl's statement instructing its employees to "minimize talking about" Cribl's S2S integration, emphasizing "[w]e don't want to rock the boat by dickswinging our s2s integration as we don't have time or resources to even entertain just the talk of legal risk let alone deal with it in the event that they decide to dig in" (Dkt. Nos. 89-3 at 9, 89-5 at 5). Meanwhile, the identity of the customer that defendants communicated with and seek to seal is already in the public record (*see* Dkt. No. 105 at 18). Defendants have not demonstrated that the potential for harm exceeds the public interest in this material. The motion is **DENIED**.

2. **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS.**

Defendants seek to seal passages from their reply summarizing documents that the judge ordered unsealed above (Dkt. No. 91-4). Again, vague assertions of competitive harm — here, based on these passages "reveal[ing] Cribl's internal business strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations" (Dkt. No. 91 at 2) — simply do not fit what has been redacted, which is merely unflattering statements related to claims and defenses in this litigation. The public deserves to know that Cribl, *inter alia*, "instruct[ed] employees to 'minimize promoting or talking about' Cribl's 'S2S integration' due to 'legal risk'" (Dkt. No. 91-4 at 11 n.10). The motion is **DENIED**.

3. **PLAINTIFF'S DISCOVERY LETTER BRIEF.**

With its discovery letter brief and associated exhibits, plaintiff submitted a motion to consider whether parts of that letter and six documents for which defendants claimed confidentiality should be sealed (Dkt. Nos. 94-3, 94-4, 94-5, 94-6, 94-7, 94-8, 94-9). Some of

1 these documents have already been ruled upon (*compare, e.g.*, Dkt. No. 89-6, *with* Dkt.
2 No. 94-4). In any event, defendants have again provided the same inadequate boilerplate
3 justification for sealing in each instance: that the material "reveals Cribl's internal strategies
4 and business practices for operating and maintaining many of its important services," and
5 "public disclosure of such confidential and proprietary information could affect Cribl's
6 competitive standing as competitors may alter their systems and practices relating to competing
7 products" (Dkt. No. 93 at 1–3). For the same reasons stated above, that will not cut it here.
8 This material goes to the heart of the discovery dispute, which was discussed in open court (*see*
9 Dkt. No. 105 at 6–26), and defendants have not demonstrated that the potential for harm
10 exceeds the public interest in this material. The motion is **DENIED**.

Note, however, that plaintiff's request to produce the document that defendants' allegedly improperly redacted for privilege was denied without prejudice to plaintiff moving again on a better record (Dkt. Nos. 103 at 2, 105 at 25–26; *see* Dkt. No. 101).

**4.     DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY LETTER BRIEF.**

Defendants seek to seal passages from their response to plaintiff's discovery letter brief, as well as the entirety of one exhibit and portions from another (Dkt. Nos. 98-4, 98-6, 98-8), once more with vague assertions of competitive harm flowing from disclosure of "internal business strategies, system designs, and business practices for operating and maintaining many of its important services while complying with legal and privacy obligations" (Dkt. No. 98 at 3). The judge need not rehash why these vague assertions prove inadequate here. The details are either in the public record already or have not been shown to cause competitive harm. The motion is **DENIED**.

All documents shall be refiled in full compliance with this order no later than **MARCH 29, 2024, at 12:00 P.M.**

**IT IS SO ORDERED.**

Dated: February 13, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4