UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPLUNK INC.,

    Plaintiff,

v.

CRIBL, INC. and CLINT SHARP,

    Defendants.

No. C 22-07611 WHA

**ORDER RE LATEST SEALING MOTIONS AND CHAMBERS COPIES**

Shortly after 9:00 P.M. the night before the dispositive motion deadline set long ago, the parties filed a stipulation and proposed order governing sealing procedures for summary judgment and *Daubert* motions to be filed the following day (Dkt. No. 123; *see* Dkt. No. 47 at 4).

Specifically, the parties agreed that "[i]f a party files a document for which it, the other party, or a third party intends to request sealing, the party may publicly file the document in redacted or slip-sheet form and contemporaneously file an unredacted copy of the same document provisionally under seal on the ECF docket attached to a one-page interim sealing motion indicating that the reasons for sealing will be discussed in a forthcoming omnibus sealing motion . . . not [to] exceed five pages" (Dkt. No. 123 at 3). They further agreed that, with an omnibus sealing motion, "[e]ach party and any affected third party shall . . . if necessary, publicly refile any document that, upon further review, warrants more narrowly tailored redactions than initially applied" (*ibid.*).

Faced with a *fait accompli*, the Court accommodated most of the parties' proposal. A prior order allowed the parties to file interim and omnibus sealing motions, approving their stipulation as amended (Dkt. No. 124). Note that the five-page limit was rejected (as a gimmick to shift the burden of rationalizing sweeping sealing requests to the judge and his staff). More to the immediate point, the prior order cautioned "that redactions (if any) should be sparing, with an eye to the strong public interest in disputes heard in open court" (*id*. at 1); "that 'slip-sheet form' should very rarely be used (if ever) because most documents can be redacted" (*ibid*.); that the opportunity to further tailor redactions in omnibus sealing motions "should not be read as an invitation to file overbroad sealing requests in the first instance" (*id*. at 2); and, critically, "that abus[ing] this procedure and mak[ing] overbroad sealing requests at any stage runs the risk that such requests will be denied in their entirety at any stage" (*ibid*.).

The parties then filed almost 3,000 pages of conditionally sealed exhibits. In other words, they did precisely what the prior order told them not to do, submitting a glut of sealing requests, many of which are patently overbroad. By way of example, with their motion to strike the testimony of plaintiff's expert Dr. Jonathan Putnam and supplement the testimony of their expert Ms. Suzanne Heinemann (Dkt. No. 126), defendants filed a one-page slip-sheet and put the entire 315-page rebuttal report of their own expert under seal (Dkt. No. 125-10; *see* Dkt. No. 126-5). Meanwhile, with its motion for summary judgment (Dkt. No. 131), plaintiff filed a one-page slip-sheet and put the entire 57-page deposition transcript excerpt of Cribl executive Ledion Bitincka under seal (Dkt. No. 133-7; *see* Dkt. No. 131-15). Significantly, according to plaintiff, with one exception for bank account information in one exhibit, its motions and accompanying exhibits contain *no information* that it contends should be filed under seal, so the fault appears to lie with defendants (*see* Dkt. Nos. 133 at 1, 136 at 1). But defendants do not clarify which party or third party seeks the sealing associated with its motions and accompanying exhibits (*see* Dkt. Nos. 125 at 2, 127 at 2, 129 at 2, 134 at 2, 135 at 2).

Counsel, especially these counsel, should know better. Their armadas of lawyers are undoubtedly familiar with the exacting standard for sealing set out by our court of appeals in

2

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), as well as the exacting requirements for sealing contained in Civil Local Rule 79-5. The prior order explicitly reminded counsel to "carefully hew to the standard our court of appeals laid out in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), as well as Civil Local Rule 79-5" (Dkt. No. 124 at 2).

Nevertheless, counsel for defendants proceeded in clear violation of the controlling standard of our court of appeals, the controlling rule of this district court, and, rather remarkably, the controlling procedure of this Court's prior order. They "[r]espectfully submitted" with each of their interim sealing motions that "[d]efendants are mindful of the Court's caution against overbroad sealing requests and will endeavor to substantially limit the proposed redactions following meet and confer discussions with all affected parties" (Dkt. Nos. 125 at 2, 127 at 2, 129 at 2, 134 at 2, 135 at 2). But this alone confirms that the Court's caution did not register. Recall, "mak[ing] overbroad sealing requests at any stage runs the risk that such requests will be denied in their entirety at any stage" (Dkt. No. 124 at 2).

The Federal Circuit, which will be reviewing the all-but-inevitable appeal in this action, has forcefully upheld this very Court in applying Ninth Circuit law and denying a party's overbroad requests to seal its confidential information in toto. *See Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1359–63 (Fed. Cir. 2020). In so doing, the Federal Circuit observed that "[t]rial court judges, heavily burdened with the task of resolving complex legal and factual disputes . . . should not be forced to spend large swaths of their time struggling to rein in overzealous efforts to seal." *Id*. at 1363. It recognized that in denying sweeping requests to seal, "the district court sent a strong message that litigants should submit narrow, well-supported sealing requests in the first instance, thereby obviating the need for judicial intervention." *Ibid*. What has happened in this action is arguably worse than what happened in *Uniloc*. Adding insult to injury, (at least) defendants have violated an order governing sealing procedures that they brought upon themselves — one that, in no uncertain terms, laid out the danger presented in pursuing overbroad sealing requests at the outset, as defendants unquestionably did here.

3

In light of this, the public interest, and the law, the Court considered denying all motions to seal for overbreadth immediately. With an eye to potential prejudice to plaintiff or a third party who may narrowly seek to seal material filed with defendants' motions, however, the Court has decided to await the omnibus sealing motions before ruling. Counsel must only seek to seal material that truly qualifies for sealing. *If the sealing requests prove to be overbroad, they will be denied in their entirety.* The judge and his staff will not paw through thousands of pages to find what few passages might have qualified for sealing had the requests been tailored.

In closing, this order observes that both sides plainly violated the prior order by failing to send unredacted chambers copies despite the unambiguous request to "please be sure to send unredacted chambers copies of all motions and exhibits filed today" (Dkt. No. 124 at 2). No unredacted chambers copies (or any chambers copies) have been received. That is unacceptable, particularly given that the Court has already admonished the parties about sending chambers copies once before (*see* Dkt. No. 103 at 2). Both sides are again ordered to send unredacted chambers copies of the documents already filed in association with this round of dispositive motions, now to be received no later than **TOMORROW, FEBRUARY 15, AT 4:00 P.M.** Unredacted chambers copies of all subsequent filings shall be received no later than **NOON THE DAY AFTER SUBMISSION**. In addition, in compliance with the Court's Standing Order for Hyperlinked Electronic Courtesy Copies, which was also violated, the parties shall send hyperlinked electronic courtesy copies for documents already filed in association with this round of dispositive motions by **FRIDAY, FEBRUARY 16, AT 4:00 P.M.** Hyperlinked electronic courtesy copies of subsequent filings shall be received no later than **NOON THE DAY AFTER SUBMISSION**. Further, with all subsequent filings, lead counsel shall attach a sworn declaration stating that unredacted chambers copies and (if applicable) electronic courtesy copies have been sent or will be sent promptly in compliance with this order.

**IT IS SO ORDERED.**

Dated: February 14, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4