UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPLUNK INC.,

        Plaintiff,

  v.

CRIBL, INC.,

        Defendant.

No. C 22-07611 WHA

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

In the lead-up to trial in this action involving copyright, contract, and tort claims, both sides move for partial summary judgment. Plaintiff Splunk Inc. moves for summary judgment on a claim for breach of contract, specifically, breach of the Splunk General Terms (Dkt. No. 131). Defendant Cribl, Inc. moves for summary judgment on just about everything else — claims for copyright infringement, violation of the Digital Millennium Copyright Act, breach of the Technology Alliance Partnership Agreement, tortious interference with prospective business relations, and violation of California Business and Professions Code Section 17200 (Dkt. No. 132).

The motions are **DENIED**. At Thursday's hearing, it became clear many factual questions remain that have a bearing on these claims. These include factual questions that go to whether Cribl used Splunk Enterprise trial versions for "Internal Business Purposes," whether Cribl copied protected elements in reverse engineering, whether Cribl circumvented technological

measures that effectively controlled access to protected elements, and when and what Splunk learned about Cribl's support for the S2S protocol in its various incarnations. It also became clear that there are facts in the mammoth record that were downplayed in the briefing but that could prove decisive in light of all admissible evidence. For example, one fact that was discussed at some length at the hearing but alluded to in a footnote in a motion is that Cribl had an annual renewable corporate license to Splunk Enterprise when it was serially downloading Splunk Enterprise trial versions, and that this corporate license was repeatedly renewed by Splunk from Cribl's inception until 2023 — including once after this lawsuit was filed (Splunk MSJ 12 n.9; Tr. 46:3–54:3). The judge suspects neither party wanted to draw attention to this fact because it cuts both ways: it suggests that Cribl's use of Splunk Enterprise trial versions was not for "Internal Business Purposes," as set out in the Splunk General Terms, and it suggests that Splunk's course of performance was not to enforce the Splunk General Terms against Cribl.

In denying the motions, this order reserves the authority of the district court to render judgment under Rule 50. After the judge has listened to hours of admissible evidence and grasped the key points, judgment might well be entered on some or all claims and defenses. Counsel are encouraged to trade concessions by way of stipulations to streamline the trial. This is not an order to do so but a request to simplify matters for the jury and save time. And, as ruled on the record, the parties shall try again with private mediator Randy Wolf as soon as possible.

**IT IS SO ORDERED.**

Dated: March 11, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE