UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPLUNK INC.,

    Plaintiff,

v.

CRIBL, INC.,

    Defendant.

No. C 22-07611 WHA

**PERMANENT INJUNCTION**

Injunctive relief is warranted to restrain Cribl, Inc. from breaching the Splunk General Terms (SGT) and infringing Splunk Inc.'s copyrights (Dkt. No. 373 at 5–9). On the other hand, such relief must not foreclose fair uses of Splunk Inc.'s copyrights under the Copyright Act, which rights are honored in the SGT (*see id.* at 3–4, 5–9; Dkt. No. 372). That being so, and with advice of parties (Dkt. No. 391), this order enjoins Cribl as follows, effective immediately:

    **1.**    Cribl, Inc. and its successors, assigns, officers, agents, servants, employees, attorneys, and persons in active concert or participation with them (including any affiliated entities) (hereinafter collectively referred to as "Cribl"), during the period this order is in effect, are hereby enjoined from making, and from directing others to make, any use of Splunk Enterprise that is not:

        *(a)*    permitted under the version of the SGT applicable to said instance of Splunk Enterprise; or

        *(b)*    a fair use under the Copyright Act. Fair uses include copying and uses of the Splunk Enterprise copyrighted software that are necessary to gain access to Splunk

Enterprise's functional elements and to build out Cribl's own interoperable, compatible software, such as by:

    *(i)*     reverse engineering the uncopyrighted S2S protocol;

    *(ii)*     testing Cribl software for interoperating with Splunk Enterprise; and/or

    *(iii)*     troubleshooting Cribl software for interoperating with Splunk Enterprise.

Otherwise, marketing uses of Splunk Enterprise are barred. For instance, using Splunk Enterprise merely to prove Cribl's value to prospective customers is barred, but using Splunk Enterprise where necessary to test or troubleshoot interoperability issues for existing Cribl customers is permitted.

**2.**     Cribl must comply, during the period this order is in effect, with the following provisions related to its use of Splunk Enterprise:

    *(a)*     Cribl shall log, for each download of Splunk Enterprise (whether from splunk.com, Docker, or a different source):

        *(i)*     each instance it downloads and/or executes a given downloaded copy of Splunk Enterprise, including the version of Splunk Enterprise executed;

        *(ii)*     any employee(s) and/or contractor(s) involved in each such download and/or execution;

        *(iii)*     the date of each such download and/or execution; and

        *(iv)*     the purpose of each such download and/or execution.

    *(b)*     Cribl shall retain, in a manner that permits them to be associated with the downloads and/or executions of Splunk Enterprise logged under Paragraph 2(a), the following materials:

        *(i)*     testing or troubleshooting scripts and related tickets (e.g., Jira or Confluence tickets); and

        *(ii)*     any other materials necessary to support any purpose of a download and/or execution not already reflected in scripts or tickets in (i).

    *(c)*     On a calendar quarterly basis, within sixty (60) days of each quarter's close, Cribl shall produce to outside counsel for Splunk and Cisco Systems, Inc. the logs specified in Paragraph 2(a) and the materials specified in Paragraph 2(b), all on a Highly Confidential—Attorneys' Eyes Only basis pursuant to the Protective Order issued in this litigation (Dkt. No. 69). For avoidance of doubt, in-house

counsel at Splunk and Cisco Systems shall have no access to any logs or materials produced.

    **(d)** Each calendar year, at Splunk's option, Splunk may conduct up to two depositions not to exceed eight hours combined concerning Cribl's uses of Splunk Enterprise. Any such deposition shall be strictly limited in substantive scope to Cribl's compliance with this injunction, specifically to Cribl's uses of Splunk Enterprise that became due for reporting under Paragraph 2(c) in the time since the immediately prior deposition conducted under this section or, if none has been conducted, then since this order's entry. For avoidance of doubt, in-house counsel at Splunk and Cisco Systems shall not participate in or have access to depositions or deposition transcripts.

**3.** The district court retains jurisdiction to enforce and to modify the judgment and this permanent injunction.

**IT IS SO ORDERED.**

Dated: August 14, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3