1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8
9
10

SPLUNK INC.,

11
                    Plaintiff,                         No.  C 22-07611 WHA

12
        v.

13                                                     **ORDER RE MOTIONS TO SEAL**
    CRIBL, INC.,

14
                    Defendant.

15

16          This order addresses all pending motions to seal and supporting declarations (Dkt. Nos.

17  190, 191, 201–04, 208, 209, 224, 230, 237, 238, 241, 242, 251, 261, 272, 280, 298, 302, 340).

18      **1.    THE LEGAL STANDARD.**

19          There is a strong public policy in favor of openness in our court system and the public is

20  entitled to know to whom we are providing relief (or not).  *See Kamakana v. City & Cnty. of*

21  *Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006).  Consequently, access to motions and their

22  attachments that are "more than tangentially related to the merits of a case" may be sealed only

23  upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp.,*

24  *LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016).  Filings that are

25  only tangentially related to the merits may be sealed upon a lesser showing of "good cause."

26  *Id.* at 1097.  Evidentiary motions, like motions *in limine* and *Daubert* motions, can correlate

27  with the merits of a case.  *Id.* at 1098–1100.  Indeed, the "'compelling reasons' standard

28  applies to *most* judicial records."  *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d

United States District Court
Northern District of California

665, 677–78 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)).

Additionally, parties in this district must ensure their sealing motions meet basic adequacy requirements. Above all, they must "narrowly tailor" requests "to seal only the sealable material." Civil L.R. 79-5(c). And they must list each document or passage to be sealed — here each passage (Dkt. No. 141) — together with its rationale for sealing. *Ibid.* For each listed, they must specifically state: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. Civil L.R. 79-5(c). They must provide evidentiary support where necessary, such as by sworn declaration. *Ibid.* And, for pleadings, parties must file both redacted and unredacted copies (or ensure another party does), and include in the unredacted copies highlighting to show proposed redactions. *Id.* at (d)–(e). Failure to follow the rules suggests a lack of cause or interest to seal, and risks summary denial (Dkt. No. 141). *See* Civil L.R. 79-5(f)(6), (g)(2).

Redaction may be appropriate where publication "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 566 U.S. 986 (2012). So too where "business information" might "harm a litigant's competitive standing," particularly where the public has "minimal interest" in that information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be appropriate where publication would turn "court files [into] a vehicle for improper purposes," *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite, promote public scandal, [or] circulate libelous statements," *ibid.* But "vague boilerplate language or nebulous assertions of potential harm" will not suffice to support redaction. *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civil L.R. 79-5). Nor will mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential." Civil L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1180. "A party seeking to seal a judicial record [ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at

United States District Court
Northern District of California

2

1178.  The final determination is "left to the sound discretion of the trial court."  *Ctr. for Auto*

*Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. at 599).

Here, parties were reminded that "[n]oncompliant submissions are liable to be stricken in

their entirety" (Dkt. No. 69 ¶ 5).  Then reminded again (Dkt. No. 124 at 2).  The Court denied

parties' initial sealing requests related to Rule 12 motions and discovery-letter briefs (Dkt.

No. 140).  Still, parties next filed nearly 3,000 pages of conditionally sealed exhibits related to

their summary judgment and *Daubert* motions (Dkt. No. 141 at 2).  The filings violated basic

requirements (*id.* at 3–4).  But to avoid prejudice to third parties, the Court permitted parties to

refile narrower requests in subsequent omnibus sealing motions (*id.* at 4).

Those omnibus sealing motions and subsequent sealing motions are at issue here,

organized by the substantive motions to which they relate.  Because Splunk and Cribl have

overlapping customers, many of their requests overlap, too.  Nonetheless, their requests are

separated within each section so any salient distinctions can be drawn.

### 2.  MOTIONS TO SEAL STEMMING FROM SPLUNK'S MOTION FOR SUMMARY JUDGMENT.

For the omnibus motions sealing motions covering this and other sections (Parts 2–7), parties

failed to timely refile every corrected copy, and some copies were refiled with more redactions

(not fewer).  Such failings favor denying redactions outright (*supra*).  But particularly to avoid

prejudice to third parties, this order will "trudge on."  *Cf. Goesel v. Boley Int'l (H.K.) Ltd.*, 738

F.3d 831, 835 (7th Cir. 2013) (Judge Richard Posner).  This order states below where such

failures not only weigh in the result but tip the scales.  Parties had more than "a chance to

show 'compelling reasons' and," often, they "squandered it."  *Kamakana*, 447 F.3d at 1181.

Splunk moved for partial summary judgment (Dkt. No. 131), and Cribl opposed (Dkt.

No. 146).  Splunk's omnibus motion to seal (Dkt. No. 190) and Cribl's (Dkt. No. 191; *see also*

Dkt. Nos. 204, 224, 341) declare support for sealing passages.  This order rules as follows:

### A.   SPLUNK'S MOTION FOR SUMMARY JUDGMENT ON COUNT VII.

#### (i)   Splunk's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 133-17 (Exh. 27, S2S v4 Protocol Findings, CRIBL_ 00009624) | *Cf.* Dkt. No. 352-14 | **GRANTED-IN-PART, DENIED-IN-PART.** | This document details an engineering spike to reverse engineer the newest Splunk-to-Splunk protocol, S2S v4, and its implementation with Splunk Enterprise. Redactions are warranted for the same reasons and to the same extent described with respect to the same document at trial (*see infra* entry re Dkt. No. 352-14 (TX-45)). |
| (Exh. 34, Cribl's Purchase Order of Splunk, SPLUNK_ 00048567) | Dkt. No. 131-35 | *Banking details*, **GRANTED.** | Disclosure of banking details invites security risks while adding nothing to public understanding. |

#### (ii)   Cribl's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 133-6 (Exh. 13, Sharum Dep. Tr.) | Dkt. No. 131-14 | 186:23, **GRANTED.** | Proposed redactions target a repository where Cribl keeps contracts. Cribl contends disclosure would provide a target to bad actors. Because the name of this repository is also entirely unrelated to the merits, redaction is warranted. |
| | | 187:4, **DENIED.** | The balance shifts with these proposed redactions. They target a repository discussed in open court. And the deposition says Cribl has not used it for this purpose for four years. |
| | | 187:6, **DENIED.** | (*See* previous entry.) |
| | | 187:9, **GRANTED.** | (*See supra* entry re Dkt. Nos. 133-6 at 186:23.) |
| | | 187:11, **GRANTED.** | (*See ibid.*) |
| | | 187:13, **DENIED.** | (*See id.* at 187:4.) |
| | | 187:14, **GRANTED.** | (*See id.* at 186:23.) |
| | | 187:18, **DENIED.** | (*See id.* at 187:4.) |
| | | 187:20, **GRANTED.** | (*See id.* at 186:23.) |
| Dkt. No. 133-13 | Dkt. No. 131-24 | -139, **DENIED.** | This engineering ticket describes one of Cribl's efforts related to the S2S protocol. The |

4

| | | | |
|---|---|---|---|
| (Exh. 23, CRIBL_ 00000139) | (slip-sheet) | | document was submitted as an unredacted trial exhibit (Dkt. No. 352-12). |
| Dkt. No. 133-23 (Exh. 3, Expert Mattmann Dep. Tr.) | Dkt. No. 131-37 (slip-sheet); *cf.* Dkt. No. 189-54 | 343:4, **DENIED.** | The customer name proposed for redaction was disclosed in open court and in a court order (*see, e.g.*, Dkt. No. 373 at 8). There is no reason to redact this instance. |
| Dkt. No. 133-28 (Exh. 43, CRIBL_ 00857552) | Dkt. No. 131-44 (slip-sheet) | *Customer names in* 10 [ECF p. 13], **DENIED.** | This sales slide contains a box for "Customers / Prospects," followed by a couple names. Cribl seeks redactions to protect its customers' "identity" and "information" and itself (Dkt. No. 224-1 at 12). But Cribl did not submit redactions to show what information it considered the customers', relying instead on a slip-sheet (*see id.* (citing Dkt. No. 131-44)). That went contrary to the Court's caution (Dkt. No. 124). And no plausible harm will come from disclosure. |
| | | *Customer names in* 11–14 [ECF pp. 14–17], **DENIED.** | (*See* previous entry.) |
| | | *Partnership information* in 21 [ECF p. 18], **DENIED.** | (*See ibid.*) |
| | | *Dollar and percent amounts* after "ADS" [ECF p. 24], **DENIED.** | Here, Cribl points to specific words to make clear what it proposes to redact: two-year-old, average sales targets related to the dispute but not clearly related to any of Cribl's current partnership goals or pricing. Any harm from releasing this information is speculative. |
| Dkt. No. 133-29 (Exh. 44, CRIBL_ 00856351) | Dkt. No. 131-45 (slip-sheet) | *Customer names* after "Key Partners" in -353, **DENIED.** | Listed here are the names of service providers with whom Cribl partners to go to market (Dkt. No. 133-29 at -353). Cribl states their "identity" is "confidential" (Dkt. No. 224-1 at 12). But Cribl's website touts several of the partnerships. And the document was admitted as an unredacted exhibit at trial (Dkt. No. 352-52). |
| | | *Before "accounts to collaborate on"* in -353, **DENIED.** | (*See* previous entry.) |

United States District Court
Northern District of California

**B.    CRIBL'S OPPOSITION TO SPLUNK'S MOTION FOR SUMMARY
JUDGMENT ON COUNT VII.**

*(i)    Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 147-1 (Exh. 1, Excerpts of Expert Mattmann [Reb.] Rpt.) | Dkt. No. 149-1 | *Customer names* in ¶ 77, **DENIED.** | The report discusses instances when Cribl performed work, and whether that work merely solved Cribl-Splunk interoperability problems or did something more. Proposed redactions target several customer names. Related software development tickets showing all but one name were admitted at trial (Dkt. Nos. 352-27, 352-6). Splunk's rationale is unconvincing. |
| Dkt. No. 147-4 (Exh. 13, Excerpts of Strong Dep. Tr.) | Dkt. No. 149-13 | *Customer names* in 4:3, 4:9; 246:6–7; 246:23–24; 247:2, 247:15; 247:25; 248:6–7; 249:9–11, **GRANTED.** | The deposition describes the needs and savings of Splunk customers when using Cribl. Some customer names are included, alongside specific usage and expenditure information (or citations to documents with the same). The names do not meaningfully tie in with other testimony. Thus, in this context, disclosure presents risks to the third parties (and to Cribl, *infra*) but no benefit to public understanding. |
| Dkt. No. 147-5 (Exh. 17, Excerpts of L. Bitincka Dep. Tr.) | Dkt. No. 149-17 | *Customer names and financial figures* in 3:4–7; 351:12; 367:13–22, **GRANTED-IN-PART, DENIED-IN-PART.** | *Customer names* in 3:4–7, 367:13 Redaction is warranted to avoid re-associating financial information with third parties, a concern Cribl better articulates for this passage (*infra*). This concern applies even though more general discussion of one third party occurred in court; these further details are beyond what is needed to understand the case. **GRANTED.**<br><br>**Otherwise** Other proposed redactions target a single customer name without adjacent details, or of financial figures that — once the names above are redacted — cannot be readily tied to specific customers or needs, thus undercutting the rationale for their redaction. **DENIED.** |
| Dkt. No. 147-6 (Exh. 20, Excerpts of Dalpe Dep. Tr.) | Dkt. No. 149-20 | *Customer name* in 148:6–10; 149:1; 150:21, **DENIED.** | The passage discusses just one Splunk customer, and how that customer long ago used Cribl to save. Splunk seeks to redact "customer lists" and "targets," not pricing. Cribl seeks to redact for broader reasons (*infra*). Neither specifies how disclosing what this customer stopped paying years ago will cause harm today. |

United States District Court
Northern District of California

*(ii)*    **Cribl's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 147-1 (Exh. 1. Expert Mattmann Reb. Rpt.) | Dkt. No. 149-1 | ¶ 77, **DENIED.** | Cribl adds nothing to change the calculus.  (*See supra* entry re Dkt. No. 147-1 & 149-1.) |
| Dkt. No. 147-4 (Exh. 13, Strong Dep.) | Dkt. No. 149-13 | 4:3–4:9, **GRANTED.** | (*See supra* entry re Dkt. Nos. 147-4 & 149-13.) |
| | | 246:6–7, 246:23–24; 247:2, 5, 15, 25, **GRANTED.** | (*See ibid.*) |
| | | 248:6–7, **GRANTED.** | (*See ibid.*) |
| | | 249:9–11, **GRANTED.** | (*See ibid.*) |
| Dkt. No. 147-5 (Exh. 17, L. Bitincka Dep.) | Dkt. No. 149-17 | 3:4, 3:7, **GRANTED.** | (*See supra* entry re Dkt. Nos. 147-5 & 149-17.) |
| | | 351:12, **DENIED.** | Cribl adds nothing to change the decision (*see ibid.*). |
| | | 367:13, **GRANTED.** | (*See ibid.*) |
| | | 367:16, 367:22, **DENIED.** | (*See ibid.*) |
| Dkt. No. 147-6 (Exh. 20, Dalpe Dep.) | Dkt. No. 149-20 | *Highlights* in 148:6, 8, 9; 149:1; 150:21, **DENIED.** | (*See supra* entry re Dkt. Nos. 147-6 & 149-20.) |
| Dkt. No. 147-7 (Exh. 21, D. Bitincka Dep.) | Dkt. No. 149-21 | *Address* 8:12–8:13, **GRANTED.** | Disclosing this personal email address would risk annoyance and abuse for a third party but not aid public understanding of the case. |

3.    **MOTIONS TO SEAL STEMMING FROM CRIBL'S MOTION FOR SUMMARY JUDGMENT.**

Cribl also moved for partial summary judgment (Dkt. No. 132).  Splunk opposed (Dkt. No. 151).  And Cribl replied (Dkt. No. 176).  Parties' omnibus motions again declare support for sealing passages.

United States District Court
Northern District of California

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### A.    CRIBL'S MOTION FOR SUMMARY JUDGMENT.

Recall that Cribl sought summary judgment on several counts (Dkt. No. 189-1).  One was Splunk's allegation that Cribl's access to Splunk Enterprise violated the Digital Millenium Copyright Act's anticircumvention provisions (*id.* at 11–14 (citing 17 U.S.C. § 1201(a))). Cribl argued that Splunk had not controlled access to Splunk Enterprise (*ibid.*).  A supporting argument briefed there (*id.* at 12–13), in the lead-up to trial (*e.g.*, Dkt. No. 197 at 18), and in a motion for judgment as a matter of law (*e.g.*, Dkt. No. 290 at 1–4 & n.1), among other places, was whether Splunk controlled the phrase that a Splunk forwarder uses to interoperate with a Splunk indexer (*e.g.*, Dkt. Nos. 200 & 201-1 at 351–54 & nn.3–4).  With the backwards-compatible phrase even appearing on Splunk's own website, Splunk chose to emphasize other points at trial (*see* Dkt. No. 290 at 2 n.1; Tr. 803).  Splunk lost the issue (Tr. 1528).

Returning to the sealing motions, many of Splunk's proposed redactions target that phrase in its varied preparations.  But, if Splunk ever did control the phrase, Splunk did not control it here.  Splunk does not move to redact passages — in everything from a deposition to a jointly proposed trial order — that disclose it.  This includes passages expressly treating the current protocol version.  Where Splunk does propose redactions, it often proposes to redact some but not all instances, even within the same paragraph.  Splunk also does not propose to redact the many sentences that do not name the phrase but that explain how to find it.

Splunk gets bolder still — and no less sporadic.  Splunk proposes to redact not just information about the header in its implementation of S2S v4, but the concept of a header as such.  Sometimes.  Splunk, for example, proposes to redact the word "header" three times in one paragraph of an expert report attached to a dispositive motion, but not in the report's equally generic section title just above that paragraph:  "*Cribl's Use of Splunk's S2S 'Header Signature' (Code Phrase) Does Not Enable 'Interoperability'*" (Dkt. Nos. 148-18 & 167-19 at 16).  Splunk seeks to redact other generic concepts in some places but not others.  Those include "capabilities exchanges," "keys and values," "event fields," "logging," "likely or unlikely" macros, and "state machines," all cited in or attached to dispositive motions and

1   many discussed at trial (*e.g.*, Tr. 913–16, 970–72).  If there were reasons for redacting some

2   but not all such mentions, Splunk does not say so.

3          Because these concepts related to the merits (as Splunk asserted), Splunk needed to show

4   a "compelling interest" to seal their mention.  *Kamakana*, 447 F.3d at 1180.  But Splunk's

5   sealing motions offer only boilerplate rationales, which Splunk's scattershot redactions then

6   blow apart.  Splunk suggests, for instance, that the short header phrase might be Splunk's

7   "techniques," or its "source code" manifesting them; its "trade secrets," or its "other non-

8   public information" (*see, e.g.*, Dkt. No. 190 at 9).  Whatever *it* is, the phrase is not something

9   Splunk's filings and sealing motions treat with compelling interest.  Same goes for the other

10  concepts.  Splunk identifies "specific redactions, [but] it justifie[s] them by invoking general

11  categories of privileges without elaboration."  *Kamakana*, 447 F.3d at 1183.  That will not do.

12  To go against the presumption of public access, a sealing order must "articulate the factual

13  basis for its ruling, without relying on hypothesis or conjecture."  *Id.* at 1179 (quoting

14  *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The most that can be said here is

15  that these redactions will impede public understanding — not commercial rivals — on points

16  basic to the dispute.  Take one last example:  Splunk even proposes to redact the definition

17  of "S2S" (Dkt. Nos. 148-13 & 167-14 ¶ 76; *see also* Dkt. No. 190 at 16).  That

18  Splunk-to-Splunk protocol was the case's main subject, from complaint to conclusion.  Some

19  details merit maintaining under seal.  But Splunk's overbroad redactions of basic concepts must

20  be rejected, as further explained where appropriate below.

21          ***(i)        Splunk's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 134-1 (Mot.) | Dkt. No. 189-1 | *Customer name* in 22:3, **DENIED.** | The passage states a customer name, and Splunk seeks to avoid publishing "even a portion" of its customer list.  But this name was disclosed in court; there is no reason to redact it here. |
| Dkt. No. 134-7 (Exh. 14, GOALS FOR TODAY, | Dkt. No. 189-34 | *Customer names* in -5–8, **DENIED.** | The same names were disclosed in the same document admitted as a trial exhibit (Dkt. No. 352-95). |
| | | *Financial numbers* in -4, | The same is true here:  This document was disclosed at trial (Dkt. No. 352-95).  Moreover, the financial numbers are two-years old, high- |

United States District Court
Northern District of California

| SPLUNK_00225765) | | **DENIED.** | level, and not the "expenditures of specific customers" (*see* Dkt. No. 190 at 15). |
|---|---|---|---|
| Dkt. No. 134-9 (Exh. 18, Excerpts of Rottenberg Dep. Tr.) | Dkt. No. 189-36 | *Customer name* in 29:16; 30:6–21; 31:2, 31:18; 41:9; 53:16–19, **DENIED.** | The deposition mentions two customers and high-level needs they long ago looked to Cribl to solve. One was discussed in open court.  Nothing here merits redaction. |
| Dkt. No. 134-10 (Exh. 20, Mechanics for DSP End of Sale, SPLUNK_00225739) | Dkt. No. 189-37 | *Customer names* in -39, -41–45, -47, **DENIED.** | These customer names were disclosed in the same document admitted as an exhibit at trial (*see* Dkt. No. 352-94). |
| | | *Financial terms* at -39, -43, **DENIED.** | These now-stale financial figures were also revealed at trial (*see* previous entry). |
| Dkt. No. 134-12, (Exh. 23, Re: Cribl Partners, SPLUNK_00301406) | Dkt. No. 189-39 | **DENIED.** | This customer's name was disclosed in open court.  Nothing warrants its redaction here. |
| Dkt. No. 134-14 (Exh. 32, Re: Info Email SPLUNK 00266860) | Dkt. No. 189-41 | **DENIED.** | (*See* previous entry.) |
| Dkt. No. 134-16 (Exh. 36, Excerpts of Splunk's 7th Supp. Resp. to Cribl's 1st Set of Interrogs.) | Dkt. No. 189-43 | *Repository identifiers* in 10:13–11:22; 17:15; 45:13; 46:9; 102:6; 103:16, **GRANTED.** | Proposed redactions obscure code commit identifiers (in a large table and in-line), the specific directory where code related to authentication occurs, and other details distant from the merits, but which could cause commercial risks to Splunk if exposed. |
| | | *Code and techniques* in 42:13; | This protocol signature strikes a merits question and is disclosed elsewhere (*supra* discussion Part 3.A). |

10

United States District Court
Northern District of California

| | | 43:12; 103:20, **DENIED.** | |
|---|---|---|---|
| | | *Customer names* in 48:9–10; 74:25–75:1; 78:13–79:19, **GRANTED-IN-PART, DENIED-IN-PART.** | **78:13-79:19** Exposing this extensive bullet-point list of customer names would add little to understanding but could unfairly assist rivals and harm Splunk. Redaction is warranted.  **GRANTED.** **Otherwise** One proposed redaction is not of a customer name.  Another is related to testimony heard in court, undercutting the rationale.  **DENIED.** |
| Dkt. No. 134-19 (Exh. 49, Excerpts of Cribl's 7th Supp. and Amd. Resp. to Splunk's 2nd Set of Interrogs.) | Dkt. No. 189-45 | *Customer names* in 5:14–17; 6:17–22; 9:2–21; 10:6–14; 15:2–6; 16:9–15; 17:28; 18:8–19; 19:6–14; 24:2–6; 25:11–17; 27:4–23; 28:11–19; 31:10; nn.5, 9, **GRANTED.** | This collection of customer names meets the standard for redaction.  *First*, the number of customer names in close quarters here, often in table format, creates a relatively robust customer list Splunk's rivals could readily exploit, even if some names are individually exposed elsewhere. *Second*, many of the customer names are in close association with file names, pointing towards other detailed information that if disclosed could bring harm to the third parties and so to Splunk (and Cribl, *infra*, as it describes more fully). *Third*, the legal subject matter here concerns discovery as to whether any Cribl-related persons possessed Splunk-related confidential information.  Customer names are less helpful to understanding this issue (than to issues of contract, copyright, and fair use, which sometimes involve when and how Cribl worked with customers). |
| | | *Name of business tool* at 7:2; 8:15; 16:22; 17:13; 25:25; 26:17, **DENIED.** | Splunk seeks to redact this generically named and widely used type of business tool, one version of which it uses.  Splunk says that releasing its name will harm "Splunk's competitive standing and give competitors an unfair advantage in the market" (Dkt. No. 190 at 14).  No. |
| Dkt. No. 135-2 (Exh. A, Excerpts of Expert Feamster Op. Rpt.) | Dkt. No. 189-2 | ¶¶ 157–62, 164, **DENIED.** | This passage exemplifies what was described above (Part 3.A).  Much as did later open-court testimony, the passage explains at a high level how protocols work generally, and how the protocol at issue works generally.  In that context, Splunk proposes redacting general concepts — erratically.  For instance, were Splunk to have its way, the public would be told that there is a "capabilities exchange," that there is a "client," and that there is a "server," but |

11

| | | | |
|---|---|---|---|
| | | | not that this "[redacted] between the client and server exchanges information." Such redactions burden public understanding. But Splunk fails to show they burden commercial rivals about anything the rivals do not know already — especially as the same passage goes unredacted elsewhere (*e.g.*, Dkt. No. 189-69 ¶ 157). Other redactions are similarly overbroad (*see* Part 3.A). |
| Dkt. No. 135-5 (Exh. A, Excerpts of Expert Heinemann Reb. Rpt.) | Dkt. No. 189-10 | *Customer names* in figs. 10–11; ¶¶ 164, 171, **GRANTED.** | Disclosing so many customer names at once could harm Splunk by providing a rival with a list of targets, even if a few are disclosed individually elsewhere. Plus, disclosure here would re-associate customers with private financial details (concerning Cribl, *infra*). Redacting the names avoids those risks while leaving important details. |
| | | *All else* in figs. 10–11, **DENIED.** | The proposed redactions are of two charts showing particular customers' spending over time with Splunk, before and after using Cribl. Some numbers from these charts were later shared in court. Splunk contends the redacted charts disclose pricing important to its business. But Splunk does not provide a reason to redact the two charts just below (figs. 12–13), which show average spending per customer. And, once the customer names are redacted here such that their spending cannot be easily associated with their requirements, Splunk's supposed harms about revealing pricing become even more speculative. |
| | | Figs. 12–13, **DENIED.** | These figures were marked for redaction. But neither Splunk nor Cribl below provides a rationale. |

(ii)   *Cribl's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 134-1 (Mot.) | Dkt. No. 189-1 | *Customer name* in 22:3, **DENIED.** | (*See supra* entry re Dkt. Nos. 134-1 & 189-1.) |
| Dkt. No. 134-9 (Exh. 18, Rottenberg Dep. Tr.) | Dkt. No. 189-36 | *Customer name* in 29:16; 30:6, 11; 21; 31:2, 18; 41:9, **DENIED.** | (*See supra* entry re Dkt. Nos. 134-9 & 189-36.) |
| Dkt. No. 134-16 | Dkt. No. 189-43 | *Customer name* in 74:25, | (*See supra* entry re Dkt. Nos. 134-16 & 189-43.) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| (Exh. 36, Excerpts of Splunk's 7th Supp. Resp. to Cribl's 1st Set of Interrogs.)) | | **DENIED.** | |
| | | 74:28, **DENIED.** | (*See ibid.*) |
| | | 75:1, **DENIED.** | (*See ibid.*) |
| | | *Customer names* in 78:13–79:19, **GRANTED.** | (*See ibid.*) |
| Dkt. No. 134-19 (Exh. 49, Excerpts of Cribl's 7th Supp. and Amd. Resp. to Splunk's 2nd Set of Interrogs.) | Dkt. No. 189-45 | 5:14, 5:17, **GRANTED.** | (*See supra* entry re Dkt. Nos. 134-19 & 189-45.) |
| | | 6:7–6:18, 6:21, **GRANTED.** | (*See ibid.*) |
| | | 9:2, 9:10, 9:21, **GRANTED.** | (*See ibid.*) |
| | | 10:14, **GRANTED.** | (*See ibid.*) |
| | | 15:2, 15:5, **GRANTED.** | (*See ibid.*) |
| | | p. 16 ll. 9–10, 13–14, **GRANTED.** | (*See ibid.*) |
| | | 17:28, **GRANTED.** | (*See ibid.*) |
| | | 18:8, 18:19, **GRANTED.** | (*See ibid.*) |
| | | 19:14, **GRANTED.** | (*See ibid.*) |
| | | 24:2, 24:6, **GRANTED.** | (*See ibid.*) |
| | | p. 25 ll. 11–12, 15, 17, **GRANTED.** | (*See ibid.*) |
| | | p. 27 ll. 4, 12, 23, **GRANTED.** | (*See ibid.*) |
| | | 28:19, **GRANTED.** | (*See ibid.*) |
| | | 31:9, **GRANTED.** | (*See ibid.*) |
| Dkt. No. 135-1 (Choi Exh. A) | Dkt. No. 179-1 | After "*Sunny Choi*" in 1, **GRANTED.** | Redacting this personally identifying information unrelated to the merits is warranted for privacy. |
| | | *After "Your base* | So too for these personal financial details (*see* previous entry). |

13

| | | *salary"* in 1, **GRANTED.** | |
|---|---|---|---|
| | | *Before "shares of the Company"* in 2, **GRANTED.** | *(See ibid.)* |
| Dkt. No. 135-5 (Exh. A, Excerpts of Expert Heinemann Reb. Rpt.) | Dkt. No. 189-10 | *Customer name* in ¶ 164, **GRANTED.** | *(See supra* entry re Dkt. Nos. 135-5 & 189-10.) |
| | | *Customer names* in figs. 10–11, **GRANTED.** | *(See ibid.)* |
| | | *All else* in figs. 10–11, **DENIED.** | Like Splunk before, Cribl fails to articulate facts to warrant sealing this material *(see ibid.).* |

**B.  SPLUNK'S OPPOSITION TO CRIBL'S MOTION FOR SUMMARY JUDGMENT.**

*(i)  Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. [134-9] (Exh. 18, Excerpts of Rottenberg Dep. Tr.) | Dkt. No. 189-32; *cf.* Dkt. No. 151-4 | *Customer names* in 29:16; 30:6–21; 31:2, 31:18; 41:9; 53:16–19, **DENIED.** | An extended cut of this excerpt was promised for attachment to the substantive motion, but not provided *(see* Dkt. Nos. 148-1 & 151-1 at vi n.1). Regardless, the public filing attached to the omnibus motion, in connection with other copies of the same declaration, permits decision: Redaction is not warranted *(see supra* entry re Dkt. Nos. 134-9 & 189-36). |
| Dkt. No. 148-55 (Exh. 37, Excerpts of Expert Mitzen-macher Op. Rpt.) | Dkt. No. 167-3 | *Green highlights* in ¶¶ 97, 116, 163, 174–78; nn.93, 98, 100, 102–04, 133, 148, 149, 153–57, 178–85, 203, 210; figs. 23, 39, 43, 48, **GRANTED-IN-PART,** | ¶¶ 97, 116, 163, 174-78; **nn.98, 100, 102–04, 133, 148–49, 153–57, 178–85, 203, 210; figs. 23, 39, 43, 48** These proposed redactions target source code, directory names, and related minutia. Disclosure could harm Splunk's commercial interests yet would not meaningfully enhance public understanding of the dispute. **GRANTED.** **Otherwise** Other proposed redactions include conceptual steps in reverse engineering that were also described in open court and relevant to the merits *(e.g.,* nn.93). Still others were marked for redaction but not provided any rationale (nn.122). Others were given a rationale but do not exist in the excerpt (nn.152–68). Perhaps there is a detail |

United States District Court
Northern District of California

| | | DENIED-IN-PART. | within the remainder that could have been granted if isolated for decision; none was. DENIED. |
|---|---|---|---|
| | | *Green highlights in* ¶¶ 165, 172–73; figs. 3–20, GRANTED-IN-PART, DENIED-IN-PART. | **Fig. 20** This excerpt of code could cause harm if disclosed and is beyond the detail needed to understand the dispute. GRANTED.<br><br>**Otherwise** Many of the proposed redactions are not contained in this excerpt at all (figs. 3–19; ¶ 172). And much of the rest targets protocol and implementation concepts that went unredacted in other filings. Even here, some went unredacted in a footnote on this same page (n.196), others went without rationale for redaction on the next page (¶¶ 166–67) (*see supra* Part 3.A). DENIED. |
| Dkt. No. 157 (replacing Dkt. No. 148-4) (Exh. 41, Excerpts of Expert Mitzen-macher Dep. Tr.) | Dkt. No. 167-4 | DENIED. | Expert Mitzenmacher testified in open court to highlighted subject matter, and other filings released more of the same (*supra* Part 3.A). |
| Dkt. No. 148-13 (Exh. 70, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 167-14 | *Green highlights in* ¶¶ 58–59, 61, 75–86, 88, GRANTED-IN-PART AND DENIED-IN-PART. | **Figs. in ¶¶ 83–86** These proposed redactions cover specific opcodes and other commercially important information not generally known. Disclosing them would impose needless costs on Splunk, given they go beyond the detail needed to understand the case. GRANTED.<br><br>**Otherwise** Proposed redactions include the definition of "S2S." Perhaps some detail might have merited redaction, but "the proponent of sealing bears the burden" to specify. *Kamakana*, 447 F.3d at 1182 (*see also supra* Part 3.A). DENIED. |
| Dkt. No. 148-18 (Exh. 75, Excerpts of Expert Mitzen- | Dkt. No. 167-19 | *Green highlights* ¶¶ 24, 28, 34–37, 71, 73, 79, 80, 99, | **Figs. 14, 19–21, 23–25, 27–29** These proposed redactions are discrete and administrable. The figures compactly present code excerpts, file structures, and other details that could pose commercial harm if disclosed, yet that would not meaningfully enhance public understanding. GRANTED. |

| | | | |
|---|---|---|---|
| macher Reb. Rpt.) | | 101, 103, 104; nn.28, 31–34, 79, 80, 82, 92, 106, 129; figs. 14, 19–21, 23–25, 27–29, **GRANTED-IN-PART AND DENIED-IN-PART.** | **Otherwise** Other proposed redactions include material covered in open court filings, in open court, and in public sources — and related to the merits (*see supra* Part 3.A). Indeed, proposed redactions mask phrases so basic to the expert's report attached to this dispositive motion that a term proposed to be redacted three times in one paragraph appears also in the report's section title just above it (p. 16). If there were any golden nuggets here, it was counsel's job to remove them from the mine run (Dkt. No. 141). *Cf. Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994). **DENIED.** |
| Dkt. No. 161 (replacing Dkt. No. 148-50) (Exh. 114, Excerpts of Expert Mitzen-macher Reply Rpt.) | Dkt. No. (167-53) | *Green highlights* in ¶ 96, **DENIED.** | Proposed redactions describe in general terms what Cribl did to discover and achieve interoperability with Splunk. That description is important to understanding case contentions. Similar descriptions were offered in open court (*see supra* Part 3.A). |

##### (ii)   *Cribl's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. [134-9] (Exh. 18, Excerpts of Rottenberg Dep. Tr.) | Dkt. No. 189-32; *cf.* Dkt. No. 151-4 | *Customer names* in 29:16; 30:6, 30:11, 30:21; 31:2, 31:18; 41:9, **DENIED.** | (*See supra* entry re Dkt. No. 134-9 & 189-32.) |
| Dkt. No. 148-3 (Exh. 3, L. Bitincka Dep. Tr.) | Dkt. No. 167-2 | *Customer name* in 3:4, **GRANTED.** | (*See supra* entry re Dkt. No. 147-5 & 149-17). |
| | | *Customer name* in 3:7, **GRANTED.** | |
| Dkt. No. 148-6 (Exh. 62, | Dkt. No. 167-6 | *Lines of code* at -699, **DENIED.** | The short lines of code were already disclosed in the same document admitted as an unredacted trial exhibit (Dkt. No. 352-55). |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Slack Msg., CRIBL_ 00858847) | | *Email addresses* in -707, **GRANTED.** | The proposed redactions are of an email list containing numerous personal addresses. Even if disclosed elsewhere, this copy invites increased spam, harassment, or other risks for third parties, without adding any public benefit. |
| Dkt. No. 148-8 (Exh. 64, Email, CRIBL_ 00989112) | Dkt. No. 167-8 | *Email address* in -112, **GRANTED.** | Redacting this individual's personal email address is warranted (*see* previous entry). |
| | | *Phone number* in -114, **GRANTED.** | Redacting this individual's phone number is warranted (*see* previous entry). |
| Dkt. No. 148-10 (Exh. 66, Kentucky Fried Cribl, CRIBL_ 00966079) | Dkt. No. 167-10 | *Customer names* in -87, **DENIED.** | These same customer names were disclosed in the same document admitted as an unredacted trial exhibit (Dkt. No. 352-64). Moreover, customer names here are cited in "Customer Stories" and touted on Cribl's website. |
| | | *After "our future"* in -91, **DENIED.** | Redacting this customer's name is similarly warranted (*see also* previous entry). |
| | | *Before "buys are likely"* in -91, **DENIED.** | (*See ibid.*) |
| | | *Canvas of customer names* at -92, **DENIED.** | (*See ibid.*) |
| Dkt. No. 148-13 (Exh. 70, Expert Astrachan Op. Rpt.) | Dkt. No. 167-14 | *Customer name* at ¶ 126, **DENIED.** | This customer's name is not stated alongside anything that would pose risk to Cribl or the third party if reassociated with it. |
| | | ¶ 212, **DENIED.** | This customer's name was disclosed in court. Moreover, while this paragraph discusses technical issues, it lacks detail and recency and so any threat from disclosure. |
| | | ¶ 214, **DENIED.** | Redactions mask not only the customer's name but the fact the customer found a problem Cribl had not. And the same ticket was disclosed in an unredacted exhibit (Dkt. No. 352-27). |
| | | *Customer's name and technical identifiers* in *fig.* in ¶ 215, **GRANTED.** | However, this image of a ticket that includes a customer name embedded in technical details about that customer merits redaction. Disclosing it could expose more detailed technical information about the customer that could injure Cribl or the customer, that were not clearly disclosed elsewhere, and that are beyond the detail needed for case understanding. |

17

| Dkt. No. 148-14 (Exh. 71, Cribl Interview, CRIBL_ 00145171) | Dkt. No. 167-15 | *Customer name* in - 5185–86, **GRANTED.** | The redactions obscure the name of a customer interviewed extensively and confidentially about its use of Cribl and Splunk.  Sharing the resulting details benefits the public's understanding of the case, while redacting the name is warranted to preserve third-party confidences and Cribl's relationships. |
|---|---|---|---|
| Dkt. No. 148-17 (Exh. 74, Jira Ticket, CRIBL_ 00000163) | Dkt. No. 167-18 | *Customer name* in 163, **DENIED.** | This software development ticket is tagged with customers benefiting from the work — all but one disclosed in a related ticket admitted as an exhibit in court (*see* Dkt. No. 352-12). |
| Dkt. No. 148-23 (Exh. 80, Slack Msg., CRIBL_ 00858795) | Dkt. No. 167-24 | *Code* in -8796–97, **GRANTED.** | This code used to trace a software issue is beyond the detail required for public understanding and may injure Cribl if disclosed. |
| | | *Code* in -8802–03, **GRANTED.** | (*See* previous entry.) |
| Dkt. No. 148-24 (Exh. 82, Slack Msg., CRIBL_ 00859033) | Dkt. No. 167-25 | -9036–37, **DENIED.** | This third-party prospect's name is mentioned in passing and only in connection with information five years stale.  Redaction is not warranted. |
| | | *Customer name* in -9040–42, **DENIED.** | (*See* previous entry.) |
| Dkt. No. 148-25 (Exh. 83, "Take Home Idea," CRIBL_ 00856584) | Dkt. No. 167-26 | *Third-party names* in -6584, **DENIED.** | The document contains short notes on progress gaining Cribl customers five years ago.  Cribl does not articulate a persuasive reason to redact. |
| Dkt. No. 148-30 (Exh. 89, Choi Emplymnt. Letter) | Dkt. No. 167-31 | *After "Sunny Choi"* in 1, **GRANTED.** | (*See supra* entry re Dkt. Nos. 135-1 & 179-1.) |
| | | *After "Your base salary"* in 1, **GRANTED.** | (*See ibid.*) |
| | | *Before "shares of the Company"* in 2, **GRANTED.** | (*See ibid.*). |
| (Exh. 92, Slack | Dkt. No. 167-34 | *Email address after* | **Email address** Redacting the personal address is warranted |

18

| | | | |
|---|---|---|---|
| Msg., CRIBL_ 00998405) | | *"mailto:"* in -406, **GRANTED-IN-PART, DENIED-IN-PART.** | (*cf. supra* entry re Dkt. Nos. 148-6 & 167-6). **GRANTED.**<br><br>**Otherwise**<br>The messaging was disclosed (Dkt. No. 352-63). **DENIED.** |
| Dkt. No. 148-34 (Exh. 95, Invention-Assign't Agrmnt., CRIBL_ 00006635) | Dkt. No. 167-36 | *Personal email address* in -6641, **GRANTED.** | Redacting this personal email address is likewise warranted even if another copy exists as a needle in another haystack (*see* previous entry). |
| Dkt. No. 148-35 (Exh. 97, Splunk Logs) | Dkt. No. 167-37 | *Email addresses* in PDF pp. 3–11, **GRANTED.** | Redacting this lengthy list of email addresses appearing in a log (and in a letter) is warranted to avoid annoyance and abuse to third parties without corresponding public benefit. |
| Dkt. No. 148-40 (Exh. 102, Jira Ticket, CRIBL_ 00000936) | Dkt. No. 167-42 | *Customer name* in -936, **DENIED.** | The same ticket was admitted as an unredacted exhibit at trial (Dkt. No. 352-27). |
| | | *Customer name* in -940, **DENIED.** | (*See* previous entry.) |
| Dkt. No. 148-44 (Exh. 106: Slack Msg., CRIBL_ 00858847) | Dkt. No. 167-46 | -49, **DENIED.** | These same customer names were already disclosed in the same document admitted as an unredacted trial exhibit (Dkt. No. 352-55). |
| | | -52, **DENIED.** | (*See* previous entry.) |
| Dkt. No. 148-46 (Exh. 108, CRIBL_ 00077503. MP4) | Dkt. No. 167-48 | *Customer name* in *header* 1–25, **GRANTED.** | This transcript of a call with a customer includes confidential details.  Disclosing the customer name alongside them would directly divulge third-party confidences and could injure Cribl; redacting the name avoids those harms while retaining all that is needed for understanding. |
| Dkt. No. 148-47 (Exh. 109, CRIBL_ 00072913. MP4) | Dkt. No. 167-49 | *Customer name* in *header* 1–24, **GRANTED.** | (*See* previous entry.) |
| Dkt. No. 148-48 (Exh. 110, | Dkt. No. 167-50 | *Third-party name or* | These service meeting notes include confidential business and technical details about a third party. |

| | | | |
|---|---|---|---|
| Meeting Notes, CRIBL_ 00607651) | | *identifiers* in -651–52, **GRANTED.** | The identifiers of that party merit redaction (*see ibid.*). |
| Dkt. No. 148-53 (Exh. 118, CRIBL_ 00098435) | Dkt. No. 167-56 | *Third-party names* in -437–43, **GRANTED.** | The proposed redactions obscure customer and employee names from a technical troubleshooting conversation just one year ago. Associating those third parties with those details would divulge confidences and could injure Cribl; redacting names avoids those harms while retaining all that is needed for understanding. |
| Dkt. No. 148-54 (Exh. 119, CRIBL_SC 002334) | Dkt. No. 167-57 | *Email address* in -2341, **GRANTED.** | Disclosing this personal email address would risk annoyance and abuse for a third party but not aid public understanding of the case. |

**C.   CRIBL'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.**

**(i)   Splunk's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 175-3 (Exh. C, Excerpts of L. Bitincka Dep. Tr.) | Dkt. No. 176-5 | *Customer names* in 2:16–2:17; 3:4–5, 3,7, **GRANTED.** | Redactions are warranted for reasons like those described for the same underlying passage (*see supra* entry re Dkt. Nos. 147-5 & 149-17.) |

**(ii)   Cribl's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 175-1 (Exh. A, D. Bitincka Dep. Tr.) | Dkt. No. 176-3 | *Personal physical address* in 8:12–8:13, **GRANTED.** | (*See supra* entry re Dkt. Nos. 147-7 & 149-21.) |
| Dkt. No. 175-2 (Exh. B, Sharp Dep. Tr.) | Dkt. No. 204-9 | *Customer names* at p. 8 ll. 5, 7, 10, 13–14, **DENIED.** | This exhibit list contains two customer names. One was discussed in open court. Neither is associated here (directly or by citation to documents) with confidences undisclosed. |
| Dkt. No. 175-3 (Exh. C, L. Bitincka Dep. Tr.) | Dkt. No. 176-5 | *Customer names* at 2:16, 3:4, 3:7, **GRANTED.** | The redactions are granted for the reasons stated earlier (*see supra* re Dkt. Nos. 148-3 & 167-2). |

4. **MOTIONS TO SEAL STEMMING FROM SPLUNK'S MOTION TO EXCLUDE OPINIONS OF EXPERT MATTMANN.**

Splunk moved to exclude opinions of Expert Mattmann (Dkt. No. 137).  Cribl opposed (Dkt. No. 145).  Splunk replied (Dkt. No. 174).  Parties' omnibus motions declare support for sealing particular passages.  This order rules as follows:

A. **SPLUNK'S MOTION TO EXCLUDE OPINIONS OF EXPERT MATTMANN.**

(i) *Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 136-3 (Exh. 1, Expert Mattmann Op. Rpt.) | Dkt. No. 189-11 | *Customer name* in ¶ 104, **DENIED.** | The expert report describes a feature gap between Cribl and Splunk relevant to the merits.  The name of one prospective customer from this period years ago is mentioned.  Splunk does not state a plausible basis for redaction. |
| Dkt. No. 136-4 (Exh. 2, Expert Mattmann Reb. Rpt.) | Dkt. No. 189-12 | *Customer names* in ¶¶ 26–29, 38, 77, 81, 82, 85, 86, 89, 90, 100, 108; n.12, **DENIED.** | The expert report discusses instances when Cribl performed work, and whether that work merely solved software interoperability problems or did something more for customers, a fact relevant to the merits.  Proposed redactions target customer names, nearly all of which were disclosed in open court, admitted exhibits, or other filings, often related to these episodes.  Together in this presentation they do not readily create a list.  Splunk's rationale for redaction is not persuasive (*see also supra* entry re Dkt. Nos. 147-1 & 149-1 ¶ 77). |
| Dkt. No. 136-5 (Exh. 3, Expert Mattmann Reply Rpt.) | Dkt. No. 189-13 | *Financial terms* in ¶ 20, **GRANTED.** | The proposed redaction obscures expenditures of a customer discussed generally in open court, but not granularly as here.  Associating the customer name with the financial details could divulge third-party confidences and pricing-related insights, but redacting the name or the finances reduces or eliminates those risks.  In this specific instance, preserving the name of the party but obscuring the financial details better aids public understanding, and tracks what occurred in court. |
| | | *Customer names* in ¶¶ 20, 33, 75, 77, **DENIED.** | Splunk's reasons for redacting these customer's names are not compelling.  One customer was the subject of testimony in open court.  Others appear on software tickets related to this discussion that were disclosed in trial exhibits.  A last customer is mentioned with respect to a technical proposal from four years ago. |

United States District Court
Northern District of California

| Dkt. No. 136-12 (Exh. [17], Excerpts of Cribl's Third Amd. Initial Disclosures Dep. of Expert Mattmann.) | Dkt. No. 137-18, 189-21 | *Personally identifying information* in 10:8–13:18, **GRANTED.** | Disclosing this personal contact information would risk annoyance and abuse for a third party but not aid public understanding of the case. |
|---|---|---|---|

*(ii)*    ***Cribl's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 136-1 (Mot.) | Dkt. No. 204-16 (As discussed in Dkt. No. 224-1) | p. i ll. 6, 15, **DENIED.** | This customer name was disclosed in open court and in a court order (and in dispositive motions above), and aids the public's understanding of the case (*see, e.g.*, Dkt. No. 373 at 8).  Nothing merits different treatment here. |
| | | p. 1 ll. 14–15, 28, **DENIED.** | (*See* previous entry.) |
| | | 2:7, 2:9, **DENIED.** | (*See ibid.*) |
| | | p. 3 ll. 3, 5, 12–13, **DENIED.** | (*See ibid.*) |
| | | p. 7 ll. 2, 4, 20, 22–24, **DENIED.** | (*See ibid.*) |
| | | p. 8 ll. 1, 3, 5–9,11–12, 15, 20, **DENIED.** | (*See ibid.*) |
| | | p. 11 ll. 5, 11, 27–28, **DENIED.** | (*See ibid.*) |
| | | 12:1–2, **DENIED.** | (*See ibid.*) |
| | | p. 15 ll. 1, 2, 11–12, 15–19, 22, 26–28, **DENIED.** | (*See ibid.*) |
| | | p. 16 ll. 3, 5, 12, 15, 18, **DENIED.** | (*See ibid.*) |
| | | p. 17 ll. 4–5, 7, 15, **DENIED.** | (*See ibid.*) |

United States District Court
Northern District of California

| Dkt. No. 136-3 (Exh. 1, Expert Mattmann Op. Rpt.) | Dkt. No. 189-11 | ¶ 102, **DENIED.** | This excerpt was quoted in the motion above, and the substance of these same redactions addressed there (*see supra* entry re Dkt. Nos. 136-1 & 204-16 at 15). |
|---|---|---|---|
| Dkt. No. 136-4 (Exh. 2, Expert Mattmann Reb. Rpt.) | Dkt. No. 189-12 | *Customer names* in ¶¶ 27–29, **DENIED.** | (*See supra* entries re Dkt. Nos. 136-4 & 189-12; *infra* entry re Dkt. Nos. 142-9 & 189-73.) |
| | | ¶ 36, **DENIED.** | This single customer was disclosed and discussed extensively in open court. |
| | | ¶ 77, **DENIED.** | (*See supra* entry re Dkt. Nos. 147-1 & 149-1.) |
| | | ¶¶ 81–82, **DENIED.** | (*See supra* entries re Dkt. Nos. 136-4 & 189-12; *infra* entry re Dkt. Nos. 142-9 & 189-73.) |
| | | ¶ 100, **DENIED.** | (*See ibid.*). |
| | | ¶ 108, **DENIED.** | (*See ibid.*). |
| Dkt. No. 136-5 (Exh. 3, Expert Mattmann Reply Rpt.) | Dkt. No. 189-13 | ¶ 14, **DENIED.** | This customer name was disclosed in open court and in an order, and aids public understanding (*e.g.*, Dkt. No. 373 at 8). |
| | | ¶ 20, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See supra* entry re Dkt. No. 136-5 & 189-13). |
| | | ¶ 24, **DENIED.** | Redactions are not warranted for reasons similar to other entries in this section (*e.g.*, *supra* entry re ¶ 14). |
| | | *Customer names* in ¶ 33, **DENIED.** | (*See supra* entry re Dkt. No. 136-5 & 189-13 ¶ 33.) |
| | | *Customer name / IDs* in ¶ 37, **DENIED.** | The customer name was disclosed in open court and other filings.  The technical information appearing alongside is four years old.  There is no persuasive reason to redact. |
| | | *Customer name* in ¶ 68, **DENIED.** | (*See* previous entry.) |
| | | ¶ 77, **DENIED.** | (*See supra* entry re Dkt. No. 136-5 & 189-13 ¶ 77.) |
| Dkt. No. 136-6 | Dkt. No. 204-6 | 49:20, **DENIED.** | This customer was discussed in open court (*see also, e.g.*, *supra* entry re Dkt. Nos. 133-23 & |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| (Exh. 4, Expert Mattmann Dep. Tr.) | | | 131-37).  Nothing in these passages presents a risk to the third party or Cribl if exposed. |
| | | 158:15–16, **DENIED.** | (*See* previous entry.) |
| | | 218:18, **DENIED.** | (*See ibid.*) |
| | | 231:12–13, **DENIED.** | (*See ibid.*) |
| | | 248:4, **DENIED.** | (*See ibid.*) |
| | | 251:22, **DENIED.** | (*See ibid.*) |
| | | 253:19–20, 253:23–24; 254 ll. 5, 9–10, 14, 16, 19, 24, **DENIED.** | (*See ibid.*) |
| | | 255:11, **DENIED.** | (*See ibid.*) |
| | | 256:7, 256:13, **DENIED.** | (*See ibid.*) |
| | | 257:11–12, 257:17, **DENIED.** | (*See ibid.*) |
| Dkt. No. 136-8 (Exh. 9, Expert Putnam Op. Rpt.) | Dkt. No. 204-7 | *Customer names* in exh. 7, **GRANTED.** | The document presents a table showing customer savings for a list of customers.  Exposing the list would reveal confidential information about those third parties and could cause harm to them and Cribl without meaningfully advancing understanding of the case. |
| Dkt. No. 136-12 (Exh. 17, Cribl's 3d Amd. CMO Discls.) | Dkt. No. 189-21 | *Personally identifying information* in 4–9, **GRANTED.** | Disclosing this personal contact information would risk annoyance and abuse for third parties but not aid public understanding (*see supra* entry re Dkt. Nos. 136-12 & 189-21). |

**B.    CRIBL'S OPPOSITION TO SPLUNK'S MOTION TO EXCLUDE OPINIONS OF EXPERT MATTMANN.**

        (i)      *Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 144-1 (Opp.) | Dkt. No. 145 | *Customer name and ID* in 18:21; | Here, the opposition brief quotes the expert report.  The reason for denying the proposed redaction in the underlying report applies also to the brief (*see supra* entry re Dkt. Nos. 136-5 & 189-13 ¶ 20). |

United States District Court
Northern District of California

| | | 19:1, **DENIED.** | |
| | | *License revenue* in 18:23–18:24, **GRANTED.** | (*See* previous entry.) |
| Dkt. No. 144-4 (Exh. C, Excerpts of Expert Mattmann Op. Rpt.) | Dkt. No. 145-4 | *Customer name* in ¶ 104, **DENIED.** | (*See supra* entry re Dkt. Nos. 136-3 & 189-11.) |
| Dkt. No. 144-6 (Exh. G, Excerpts of Expert Mattmann Reply Rpt.) | Dkt. No. 145-8 | *Customer names, IDs* in ¶¶ 20, 33, **DENIED.** | (*See supra* entry re Dkt. Nos. 136-5, 189-13 ¶¶ 20, 33.) |
| | | *Financial amounts* in ¶ 20, **GRANTED.** | (*See ibid.*) |

(ii)   <strong><em>Cribl's Proposed Redactions.</em></strong>

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 144-1 (Opp.) | Dkt. No. 145 | *Customer name* in 3:23, 3:28, **DENIED.** | Testimony in court included the affiliation of this expert, which is helpful to understanding the case (*see, e.g.*, Dkt. No. 373 at 8). |
| | | 14 ll. 6, 10, 20, 23, **DENIED.** | (*See* previous entry.) |
| | | 15:5–6, **DENIED.** | (*See* previous entry.) |
| | | *Customer names* in 17–19, **DENIED.** | (*See* previous entry; *see also supra* entry re Dkt Nos. 144-1 & 14 at 18:23–24 (granting limited redactions re financial figures).) |
| Dkt. No. 144-2 (Decl.) | Dkt. No. 145-1 | *Customer name* in 1:17; 2:25, **DENIED.** | Again, testimony in open court revealed this customer and its general use cases (*see e.g.*, Dkt. No. 373 at 8). |
| Dkt. No. 144-3 (Exh. A, Expert Mattmann | Dkt. No. 145-2 | 117:23, **DENIED.** | (*See* previous entry.) |
| | | 122:3; 123:6–7, 123:15, | The identity of this customer's employee was disclosed in open court and trial exhibits, and there is no special reason to redact here. |

25

United States District Court
Northern District of California

| Dep. Tr. Excerpts) | | **DENIED.** 218:18, **DENIED.** | Redactions are not warranted for reasons like those stated above (*see supra* entry re Dkt Nos. 144-1 & 145.) |
|---|---|---|---|
| Dkt. No. 144-4 (Exh. C, Expert Mattmann Op. Rpt.) | Dkt. No. 145-4 | ¶ 102, **DENIED.** | (*See supra* entry re Dkt. Nos. 136-3 & 189-11 ¶ 102.) |
| Dkt. No. 144-5 (Exh. F, Email re Cribl discussion, CRIBL_ 00863878) | Dkt. No. 145-7 | *Email addresses and third-party names* in -878, **GRANTED-IN-PART, DENIED-IN-PART.** | **Email addresses and organizational IDs** The document is an email among a customer's employees about a meeting with Cribl.  For reasons articulated before, redaction is warranted (*see supra* entry re Dkt. Nos. 148-6 & 167-6). **Otherwise** Several people involved in this email were discussed in open court, and the email was admitted as an exhibit (Dkt. No. 352-84). |
| Dkt. No. 144-6 (Exh. G. Expert Mattmann Reply Rpt.) | Dkt. No. 145-8 | ¶ 14, **DENIED.** | (*See supra* entry re Dkt. Nos. 136-5, 189-13.) |
| | | *Customer name* in ¶ 20, **DENIED.** | (*See ibid.*) |
| | | *Customer financial figures* in ¶ 20, **GRANTED.** | (*See ibid.*) |
| | | ¶ 24, **DENIED.** | (*See ibid.*) |
| | | *Customer names in* ¶ 33, **DENIED.** | (*See ibid.*) |
| | | *Customer names* in ¶ 37, **DENIED.** | (*See ibid.*) |
| | | ¶ 68, **DENIED.** | (*See ibid.*) |
| Dkt. No. 144-7 (Exh. H, Excerpts of Expert | Dkt. No. 189-9 | 24 n.37, **DENIED.** | The cited footnote briefly mentions an analysis made by an investment firm.  The proposed redaction would obscure the firm's name.  But that name goes unredacted elsewhere in other |

26

| | | | |
|---|---|---|---|
| Putnam Op. Rpt.) | | | copies of the report, and nothing about this reference merits different treatment. |
| Dkt. No. 144-8 (Exh. J, 8/20/2020 Purchase Order, CRIBL__ 00069509) | Dkt. No. 145-11 | *Third-party names, addresses, phone numbers,* 1–4, **GRANTED.** | The document is a purchase order for Cribl. In the context here, redacting the customer's name and contact details (and those of its employees) is warranted to make more difficult re-associating them with the contract terms, which would divulge specific confidences and injure Cribl without enhancing public understanding. |
| | | *Price paid* in 4, **DENIED.** | The price paid is disclosed to the public on other pages not marked for redaction. And, given the third-party name is redacted, Cribl's feared harm from disclosing one customer's price is not persuasive. |
| Dkt. No. 144-9 (Exh. K, POC Planning and Execution Document, CRIBL_ 00077619) | Dkt. No. 145-12 | *Customer and employee name and contact* in -7619, **GRANTED.** | This is a document describing how Cribl will conduct its proof-of-concept for this customer. The document elaborates some technical details about the customer that could harm it if reassociated with it. Redaction is warranted. |
| | | *Customer and employee name and contact* in -7623, **GRANTED.** | (*See* previous entry.) |

### C. SPLUNK'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF EXPERT MATTMANN.

Only Cribl proposes redactions here.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 173-1 (Br.) | Dkt. No. 174 | p. i ll. 9, **DENIED.** | The customer's name was disclosed in other documents and in court, and nothing here merits particular treatment (*cf. supra* entry re Dkt. Nos. 136-5 & 189-13). |
| | | p. 1 ll. 13–14, 22, **DENIED.** | (*See* previous entry.) |
| | | p. 4 ll. 10, 25–26, **DENIED.** | (*See ibid.*) |
| | | p. 8 ll. 18, 24,–25, **DENIED.** | (*See ibid.*) |
| | | p. 9 ll. 1, 3, 11, 15, 20, 26, **DENIED.** | (*See ibid.*) |

United States District Court
Northern District of California

| | | p. 10 ll. 2–4, 8–10, 12–13, **DENIED.** | (*See ibid.*) |
|---|---|---|---|

### 5. MOTIONS TO SEAL STEMMING FROM CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT ASTRACHAN.

Likewise, Cribl moved to exclude opinions of Expert Astrachan (Dkt. No. 130). Splunk opposed (Dkt. No. 156). Parties' omnibus motions again declare support for sealing particular passages. This order rules as follows:

#### A. CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT ASTRACHAN.

##### (i) Splunk's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 129-2 (Exh. 1, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 179-9 | *Code details* in ¶¶ 177, 180, **GRANTED-IN-PART, DENIED-IN-PART.** | ***Fig.* in ¶ 180**<br>The screenshots show lists of specific opcodes and key-value pairs that are not generally known, that are beyond the level of the detail disclosed in court or needed to understand the case, and that could injure Splunk if disclosed. **GRANTED.**<br><br>**Otherwise**<br>The other redactions target general concepts or code features already known or disclosed in other filings and testimony. Splunk's rationale for redaction is not persuasive (*supra* Part 3.A). |
| Dkt. No. 129-8 (Exh. 7, 2023-07-14 Ltr. fr. Roddy to Pearson) | Dkt. No. 179-12 | *Marked redactions* in 2 & n.2, **GRANTED.** | The code repository and commit identifiers here are details beyond the scope of anything discussed in court. Disclosing them could present risks to Splunk and for no benefit to public understanding. |

##### (ii) Cribl's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 129-3 (Exh. 2, Expert Astrachan Reb. Rpt. Excerpts) | Dkt. No. 204-3 | ¶ 361 **DENIED.** | The passage recalls that Cribl advertises it can reduce the data transmitted to Splunk. It mentions the name of a third party that received such marketing. Cribl does not present a persuasive reason to redact that one party's name. |

United States District Court
Northern District of California

**B.    SPLUNK'S OPPOSITION TO CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT ASTRACHAN.**

*(i)    Splunk's Proposed Redactions*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 153-2 (Exh. 1, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 189-47 | *Coding details* in ¶¶ 177–80, **GRANTED-IN-PART, DENIED-IN-PART.** | A previous entry's reasoning leads to the same result here regarding the same passage (*see* Dkt. Nos. 129-2 & 179-9 ¶¶ 177–80). |

*(ii)    Cribl's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 153-2 (Exh. 1, Expert Astrachan Op. Rpt.) | Dkt. No. 189-47 | ¶¶ 126–27, **DENIED.** | (*See supra* entry re Dkt. Nos. 148-13 & 167-14.) |
| | | ¶ 193, **DENIED.** | This customer's name was mentioned in open court. Cribl does not persuade that its use here, years ago requesting something since provided, creates any risk to Cribl or the third party. |
| | | ¶¶ 212–15, **GRANTED-IN-PART, DENIED-IN-PART.** | The image (within ¶ 215) merits redaction but other portions do not (*see supra* entry re Dkt. Nos. 148-13 & 167-14 ¶¶ 212, 214, 215). |
| | | *Customer's name* in ¶ 226, **DENIED.** | Two customer names are mentioned in passing with respect to service issues completed years ago. Redaction is not warranted. |
| | | ¶ 253 **DENIED.** | This passage presents a ticket respecting a service issue and includes a customer name. The ticket was disclosed in trial (Dkt. No. 352-6). |
| Dkt. No. 153-3 (Exh. 2, Expert Astrachan Reb. Rpt.) | Dkt. No. 189-48 | *Customer name* in ¶¶ 312, 361 **DENIED.** | The passage describes how Cribl uses Splunk in connection with marketing. In passing, it cites third parties who received such presentations, and cites to documents not readily available. There is no remaining reason to redact. |
| Dkt. No. 153-9 (Exh. 15, Expert Mattmann Dep. Tr.) | Dkt. No. 189-54 | 343:4, **DENIED.** | (*See supra* re Dkt. Nos. 133-23 & 131-37 at 343:4.) |

6.    **MOTIONS TO SEAL STEMMING FROM CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT MITZENMACHER.**

Cribl also moved to exclude opinions of Expert Mitzenmacher (Dkt. No. 128). Splunk opposed (Dkt. No. 143). Parties' omnibus motions declare support for sealing particular passages. This order rules as follows:

A.    *CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT MITZENMACHER.*

Only Splunk proposes redactions here.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 127-2 (Mot.) | Dkt. No. 179-17 | *Marked redactions* at 5:25– 6:1; 12:22–23; 13:10–11; 15:24–25, 16:4–12, 16:17–26, 22:12 & n.1, **DENIED.** | **16:14, 22:12** Proposed redactions obscure code-related file names that if disclosed could cause commercial risk but not increase relevant public understanding. **GRANTED.** **Otherwise** Redactions cover broad statements about the general techniques Splunk uses, and asserts they show Splunk's creativity. Splunk asserted that such evidence supported its copyright claims, and related testimony was heard in open court and other filings (*supra* Part 3.A). **DENIED.** |
| Dkt. No. 127-4 (Exh. 1, Excerpts of Expert Mitzen-macher Op. Rpt.) | Dkt. No. 179-2 | *Marked redactions* in ¶¶ 48–53, 58, 66–81, 83–85; nn.37–47, 49, 51, 53–56, 61–62, 65, 68, 70–79 figs. 3– 20, **GRANTED-IN-PART, DENIED-IN-PART.** | **Figs. 1–2** These figures were not included in the excerpt, so decisions as to them are moot. **Figs. 3–20** The redacted material illuminates in one place characteristics of Splunk's protocol implementation not generally known that could pose commercial risks if disclosed and that are beyond the detail required to understand the case (*cf. supra* entry re Dkt. Nos. 148-55 & 167-3 fig. 20). **GRANTED.** **¶¶ 49–53, 58; nn.37–46, 49, 51, 53–56, 70–72, 76–79** Proposed redactions cover commit identifiers, file names, and the like — technical details that if disclosed could cause commercial harm and that are beyond the detail required for understanding. **GRANTED.** **¶¶ 48, 66–85; nn.47, 61, 62, 65, 68, 73–75** |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | Testimony in court and other documents repeated or paralleled much of what is proposed for redaction here.  Splunk's redactions are overbroad, and for this reason its provided rationale as to these redactions is not credible (*see supra* Part 3.A).  **DENIED.**<br><br>**¶ 59; nn.69, 80–85**<br>Redactions are marked but not provided a rationale in Splunk's motion (Dkt. No. 190 at 19).  **DENIED.** |
| Dkt. No. 127-6 (Exh. 2, Excerpts of Expert Mitzenmacher Reb. Rpt.) | Dkt. No. 179-3 | ¶¶ 99–104; nn.124, 129, 141, **DENIED.** ¶¶ 99, 101, 103, 104; nn.124, 129, 132, 137, 138, 141, 143, 144; figs. 19– 29, **GRANTED-IN-PART, DENIED-IN-PART.** | **Figs. 19–21, 23–25, 27–29**<br>These figures were not disclosed elsewhere.  Readily discernible as pertaining to one of Splunk's rationales, they illuminate details of Splunk's S2S implementation that could pose commercial risks to Splunk if disclosed and that are beyond the detail required to understand the dispute (*see also supra* entry re Dkt. Nos. 148-55 & 167-3 fig. 20).  **GRANTED.**<br><br>**Figs. 22, 26**<br>These figures were already disclosed (*see* Dkt. No. 167-19).  **DENIED.**<br><br>**Remaining redactions**<br>Splunk provides two rationales for redactions, and no way to distinguish which rationale corresponds with which redaction where both are cited for the same note or paragraph.  This makes unclear how Splunk cabins each concern, and frustrates clear determinations by this order.  Regardless, the remaining redactions are overbroad, and are supported by boilerplate that cannot support the breadth of redactions — much of which was already disclosed (*see, e.g.*, Dkt. Nos. 148-18 & 167-19 ¶ 100; *see also supra* Part 3.A).  **DENIED.** |
| Dkt. No. 127-8 (Exh. 3, Excerpts of Expert Mitzenmacher Reply Rpt.) | Dkt. No. 179-4 | *"Green highlighted portions" or marked redactions* in ¶¶ 31, 35–37, 39, 47, 86– 88; nn.51, 54, 63, 64, 67, 69, 146, | **Figs. 2–4, 8; ¶¶ 86–88;**<br>**nn.51, 54, 63, 67, 69, 146, 151–53**<br>These selections abide the one rationale pertaining to them.  They contain source code and closely related information not generally known that could injure Splunk if disclosed and that goes beyond what is required for the public to understand the dispute.  **GRANTED.**<br><br>**Otherwise**<br>Splunk sometimes provides two rationales for the |

United States District Court
Northern District of California

| | | 151–153; figs. 2–4, 8, **GRANTED-IN-PART, DENIED-IN-PART.** ¶¶ 16, 17, 20, 23, 25, 27–40; nn.44, 52, 56, 60, 62, 64, 68, **DENIED.** | same passage, and sometimes no rationale (e.g., n.55).  This makes unclear how Splunk cabins each concern.  Regardless, the redactions are overbroad.  Proposed redactions include, for instance, that Expert "Feamster seems to argue that simply because the idea of [redacted] is conventional, the specific [redacted] implemented by Splunk engineers is not creative" (¶ 35).  The sentence advances factual claims that Splunk asserted were relevant to the merits, and does so using a term the sentence says is generic but that Splunk seeks to redact.  The generic term was disclosed elsewhere, and related testimony was heard in court.  Splunk states no specific rationale for redacting it here (*see also* Part 3.A).  **DENIED.** |
|---|---|---|---|
| Dkt. No. 127-10 (Exh. 4, App'x B to Expert Mitzen-macher Reply Rpt.) | Dkt. No. 179-5 | "Green highlight[s]" in ¶¶ 118, 122, 127; n.202, **DENIED.** | **Figs. 1–19; nn.204–07, 210, 213–22** These selections discernibly contain code fragments, commit identifiers, and closely related information not generally known that could injure Splunk if disclosed and that goes beyond what is required for the public to understand the dispute. **GRANTED.** |
| | | "Green highlight[s]" in ¶¶ 118–126; nn.203–207, 210, 213–232; figs. 1–19, **GRANTED-IN-PART, DENIED-IN-PART.** | **Otherwise** Again, the redactions follow two overlapping rationales and often there is no way to tell how Splunk intended to cabin them.  Moreover, many proposed redactions are of generic concepts presented in open court.  For instance, one "source code" redaction is as follows: "Splunk made a creative choice in determining [redacted]."  The redacted term is itself general and was noted elsewhere and in court.  **DENIED.** |
| Dkt. No. 127-12 (Exh. 5, Excerpt of Expert Mitzen-macher Dep. Tr.) | Dkt. No. 179-6 | 54:5– 23, **DENIED.** | The redacted material addresses general concepts discussed in open court that Splunk asserted were related to the merits (*see supra* Part 3.A). |
| Dkt. No. 127-14 (Exh. 6, 2023-07-14 Ltr. Roddy to Pearnon) | Dkt. No. 179-7 | *Redactions in 2 & n.2,* **GRANTED.** | (*See supra* entry re Dkt. Nos. 129-8 & 179-12.) |

| Dkt. No. 127-18 (Exh. 9, Excerpts of Expert Feamster Op. Rpt.) | Dkt. No. 189-5 | ¶¶ 251, 252, **DENIED.** | The paragraphs track testimony in open court, describing generally how protocols work and some of the activities done to understand this one (*see supra* Part 3.A). |
|---|---|---|---|
| Dkt. No. 127-20 (Exh. 10, Excerpts of Expert Feamster Reb. Rpt.) | Dkt. No. 189-6 | *Marked techniques* in ¶¶ 129–36 138–39, 142–44; nn.7, 8, **DENIED.** | Proposed redactions include fragments for which no rationale is offered (*e.g.*, ¶ 122). And they include generic concepts useful to understanding case contentions, many repeated in open court. For example: "This is a conventional software design in which [redacted] are emitted by a program at configurable [redacted] levels that can be adjusted during development" (¶ 142). Splunk fails to provide a specific reason why this general description of this conventional design merits redaction (*see supra* Part 3.A). **DENIED.** |
| | | *Marked code and identifiers* in ¶¶ 121, 132, 138–142; nn.12–14 **GRANTED-IN-PART, DENIED-IN-PART.** | ¶¶ 140–41; fig. *in* ¶ 138; nn.12–14 These selections abide a proposed rationale. They contain code fragments, commit identifiers, and closely related information not generally known that could injure Splunk if disclosed and that goes beyond what is required for the public to understand the dispute. **GRANTED.** <br><br>**Otherwise** (*See* previous entry). **DENIED.** |
| Dkt. No. 127-22 (Exh. 12, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 189-7 | ¶ 180, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See supra* entry re Dkt. Nos. 129-2 & 179-9.) |

**B.    SPLUNK'S OPPOSITION TO CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT MITZENMACHER.**

### (i)    Splunk's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 142-1 (Opp.) | Dkt. No. 189-63 | *Green highlights* in 5:18–19, 6:6—7:12, 9:6—7, 10:6—20, 16:20–25, 19:14, 20:3; | **5:18-19, 9:6–7, 16:23–25, 18 n.3, 19:14, 20:3** Passages pertain to specific code characteristics not discussed in open court that could impose commercial risks if disclosed, and that are beyond the detail required to understand the case. **GRANTED.** <br><br>**Otherwise** |

| | | n.3, **GRANTED-IN-PART, DENIED-IN-PART.** | No redactions are marked, and none would meet the standard.  The passages (*e.g.*, 6:6–7:12, 10:6–10:20) describe generic or disclosed elements of the S2S protocol and its implementation (*see supra* Part 3.A).  **DENIED.** |
|---|---|---|---|
| Dkt. No. 142-2 (Exh. 1, Excerpts of Expert Mitzen-macher Op. Rpt.) | Dkt. No. 189-66 | ¶¶ 48–53 58, 66—81, 83–85; nn.37–47, 49, 51, 53–56, 61–62, 65, 68, 70–79; figs. 3–20, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See supra* entry re Dkt. Nos. 127-4 & 179-2.) |
| Dkt. No. 142-3 (Exh. 5, Excerpt of Expert Mitzen-macher Dep. Tr.) | Dkt. No. 189-67 | 54:5– 23, **DENIED.** | (*See supra* entry re Dkt. Nos. 127-12 & 179-6.) |
| Dkt. No. 142-5 (Exh. 9, Excerpt of Expert Feamster Op. Rpt.) | Dkt. No. 189-69 | ¶¶ 157–62, 164, 251, **DENIED.** | **¶¶ 157–62, 164** No highlights or redactions are marked.  **DENIED.** <br><br> **¶ 251** (*See supra* entry re Dkt. Nos. 127-18, 189-5.) |
| | | *Code identifiers* in ¶¶ 167, 246, **GRANTED-IN-PART, DENIED-IN-PART.** | **¶ 167** Redactions are of endpoints, tokens, and the like that could impose risk if disclosed and that are beyond what is required to understand the case.  **GRANTED.** <br><br> **¶ 246** The passage concerns decompiling two JAR files.  No redactions were published on the public copy.  The same material was elsewhere also left unredacted (*e.g.*, Dkt. No. 179-3 at 58 & n.124).  **DENIED.** |
| Dkt. No. 142-6 (Exh. 10, Excerpts of | Dkt. No. 189-70 | ¶¶ 129–136, 138–139, 42–144; nn.7, 8, **DENIED.** | (*See supra* entry re Dkt. Nos. 127-20 & 189-6.) |

United States District Court
Northern District of California

34

| | | | |
|---|---|---|---|
| Expert Feamster Reb. Rpt.) | | ¶¶ 121, 132, 138–142; nn.12–14, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See ibid.*) |
| Dkt. No. 142-9 (Exh. 18 Excerpt of Expert Mattmann Reb. Rpt.) | Dkt. No. 189-73 | *Customer name* in ¶¶ 26–27, **DENIED.** | (*See supra* entry re Dkt. Nos. 136-4 & 189-12.) |

(ii)     *Cribl's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 142-9 (Exh. 18. Expert Mattmann Reb. Rpt.) | Dkt. No. 189-73 | *Customer name* in ¶¶ 26, 27, **DENIED.** | (*See previous entry.*) |

**7.     MOTIONS STEMMING FROM CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT PUTNAM.**

Cribl also moved to exclude opinions of Expert Putnam and for leave to supplement those of Expert Heinemann (Dkt. No. 126).  Splunk opposed (Dkt. No. 155).  Parties' omnibus motions again declare support for sealing particular passages.

**A.     CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT PUTNAM.**

Recall that Splunk sought damages.  Experts opined what would have been Splunk's revenues and profits but for Cribl's alleged contract and copyright violations, with different answers provided depending upon the acts proven unlawful.  Parties shared high-level financial and operational information about each firm, overlapping customers, and resulting estimates.

Parties now propose redactions, however, that would obscure even those high-level numbers.  For its part, Splunk proposes to redact even financial information it reported as a public company:  "For FY2023, Splunk reported about [redacted] in revenue" (Dkt. Nos. 125-4

United States District Court
Northern District of California

& 204-10 ¶ 50).  What would rivals, investors, and regulators say?  $3.65 billion.  *Splunk*

*Announces Fiscal Fourth Quarter and Full Year 2023 Financial Results*, Splunk.com (Mar. 1,

2023), [https://perma.cc/66AF-TVUT].  And Cribl, meanwhile, seeks to redact claims it made

repeatedly in filings and open court as to whether Cribl was profitable and whether that

affected damages (*compare, e.g.*, Dkt. No. 189-62 at 21, *and* Tr. 1272–76, *with, e.g.*, Dkt. Nos.

125-2 & 204-2 at 20–21).  Cribl also seeks to redact truisms about venture financing (*e.g.*, Dkt.

Nos. 125-4 & 204-10 ¶¶ 27, 29, 162).  And it seeks to redact widely quoted figures regarding

its valuation (*e.g.*, *id.* ¶ 28 & n.14).  Such redactions are unwarranted.  Many were discussed in

open court to aid the public's understanding there, just as they are discussed here in filings.

And they protect nothing a rival or investor would not know, serving only to interrupt the

public's understanding of disputed points.  Specific examples will be noted below.

*(i)*      ***Splunk's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 125-4 (Exh. 1, Expert Putnam Op. Rpt.) | Dkt. No. 204-10 | *Customer names* in ¶¶ 106, 142–43; nn.178–180, 182; exhs. 6.1, 6.2, 6.4, 7, 8, 10, 15, **Granted-in-Part, Denied-in-Part.** | The document develops estimates of damages based on public and private financial data and, in some respects, Splunk-, Cribl-, and customer-provided stories about the services.  **nn.178–80, 182; exhs. 7, 8, 15** These customer names are presented in locations where they form large lists of Splunk's (and Cribl's) customers, sometimes alongside their financial information.  Redacting the names is warranted to protect Splunk (and Cribl, *infra*), and third parties.  **Granted.**  **¶¶ 106, 142, 143; exhs. 6.1, 6.2, 6.4, 10** The customer names here were either already disclosed or else are disclosed in isolated instances.  Disclosing them poses no credible threat to Splunk (nor to Cribl, *infra*).  **Denied.** |
| | | *Financial information* in ¶ 50; exhs. 3.1, 3.2, 5; exh. 13 sch. B, | Multiple proposed redactions would obscure information gleaned from public-company filings (*e.g.*, ¶ 50; *compare also* exh. 13 sched. B, *with id.* at exh. 14.1 nn.6–7; *see also supra* Part 7.A).  If there is financial information here that is not public and worthy of protecting, it is Splunk's burden to point that out.  *Kamakana*, 447 F.3d at 1182.  This is not to foreclose any redaction that Cribl also seeks with better tailoring (*see infra*). |

| | | **DENIED, without prejudice to Cribl's redactions.** | |
|---|---|---|---|
| Dkt. No. 125-6 (Exh. 2, Expert Putnam Reply Rpt.) | Dkt. No. 204-11 | "Green and purple highlights" in "¶¶" "Footnotes" "Exhibits 3, 4", **DENIED, without prejudice to Cribl's redactions.** | Splunk says that it wishes to redact highlighted customer names across 132 pages of "Footnotes," "¶¶," and exhibits. The Court ordered a passage-by-passage justification (Dkt. No. 141). That passage-by-passage approach helps ensure proposed redactions are important enough to call out in a motion. And it keeps the process administrable, ensuring the district court does not need to search for, perhaps not find, and even grant by mistake some portion of proposed redactions. *Greenwood*, 28 F.3d at 977 ("Judges are not like pigs, hunting for truffles buried in briefs.") This order does not credit Splunk's claim that the secrecy of every customer name (or of these ones) is so important to it. |
| | | *Financial study information redacted* in ¶ 124 Exhibit 4, **GRANTED.** | Although Splunk did not call out Exhibit 4 for redaction in the opening report (perhaps knowing Cribl was requesting its redactions, *infra*), this order credits Splunk's basis for redacting the updated exhibit in the reply. The paragraph and exhibit call out the number of sales transactions across the study period and then the period-by-period revenue from customers of various types, cut once more by those overlapping with or not with Cribl. Although underlying what was to be proved and what was shared publicly, these more detailed numbers are bound up with other non-public information that would impose costs on Splunk (and Cribl, *infra*) if released. |
| Dkt. No. 125-8 (Exh. 3, Expert Putnam Dep. Tr.) | Dkt. No. 204-12 | 169:3; 195:17–196:19; 197:12; 198:14, **DENIED.** | In one instance, the proposed redaction does not match the rationale for redaction. In all others, the single customer name was discussed in attachments to dispositive motions. Here, no adjacent details create risk to the third party or Splunk (or Cribl, *infra*) if reassociated with it. |
| Dkt. No. 125-10 (Exh. 4, Expert Heinemann Reb. Rpt.) | Dkt. No. 204-13 | *Marked redactions* in ¶¶ 2(*l*), 153, 192, 196, 200; n.319; | **Figs. 10–11; exhs. 7.1–9.1** These redactions entail third-party finances at a level of detail not needed to understand the dispute, and go beyond what was disclosed elsewhere. Moreover, redacting just third-party names but not the details is no solution here: The sheer volume of examples, each with its specific ramp-up or other characteristics, conveys |

| | | figs. 10–14; exhs. 6.1–9.1, **GRANTED-IN-PART, DENIED-IN-PART.** | meaningfully more confidential information about Splunk's business than would any one such example by itself.  **GRANTED.**<br><br>**n.319**<br>The redaction specifically relates to the rationale for redaction and captures a confidential financial ratio of import to Splunk but beyond the detail needed to understand the dispute.  **GRANTED.**<br><br>**¶ 2(*l*)**<br>Marked redactions surpass the rationale.  The proposed redaction is not "pricing" nor "expenditures of specific customers" (Dkt. No. 190 at 28).  Rather, the high-level information conveys estimated lost revenues across all customers using Cribl instead of Splunk.  That is on-point to the dispute, and akin to what was disclosed elsewhere (*see supra* Part 7.A).  **DENIED.**<br><br>**¶ 153**<br>So too here:  The redaction — "Splunk's ingestion volume from Cribl was only [redacted]% of Splunk's total ingestion volume tracked" (¶ 153) — does not cover "pricing" or "expenditures of specific customers," nor even "financial information" (Dkt. No. 190 at 28).  Moreover, the same information is disclosed elsewhere (*e.g.*, Dkt. No. 189-10 ¶ 153).  **DENIED.**<br><br>**¶ 192**<br>Once again:  The redaction does not protect Splunk's or customers' financial information as such.  Rather, the proposed redaction would protect Splunk from disclosing the extent to which Cribl may have diverted sales from Splunk.  But that was one question Splunk sought the public courts to help answer.  Splunk's boilerplate explanation for redacting high-level information about the answer, of the kind heard in court, is not compelling.  *See Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567–68 (7th Cir. 2000) (Judge Frank Easterbrook).   And the number redacted here is disclosed throughout the reports.  **DENIED.** |

United States District Court
Northern District of California

| | | | **¶¶ 196, 200; fig. 14**<br>Similar reasoning applies.  Competing damages theories were presented in open court.  **DENIED.**<br><br>**Figs. 12–13**<br>These figures are at the heart of a damages question Splunk brought to the public courts to answer.  The boilerplate rationale for redaction that Splunk provides is to protect its pricing and related financial information.  But not even private-company Cribl seeks to protect this information, making Splunk's fears less credible.  Moreover, in another instance of this underlying report, Splunk failed to move to redact these figures, again belying its rationale.  **DENIED.**<br><br>**Exhs. 6.1–6.6**<br>These charts are related to the figures above, but divulge more gradations of information about the companies without meaningfully increasing public understanding of the case.  **GRANTED.** |
| | | *Customer names and identifiers* in ¶¶ 124, 127, 164, 171, 179, 229–30; nn.243–257, 343, 347–50, 352–55, 357, 365, 440, 447; figs. 10–11; exhs. 2.5, 3.9, 7.1–9.3, 10; app'x C, **GRANTED-IN-PART, DENIED-IN-PART.** | **¶¶ 124, 171, 179; nn.243–257, 343, 347–50, 352–55, 357; exhs. 2.5, 3.9, 9.1–9.3, 10, app'x C**<br>The passages here collect large lists of customers to convey their anecdotes or their financial information, including in large tables.  Disclosing the names would disclose a meaningful customer list, without meaningfully enhancing the public's understanding — which for these portions is provided by the underlying facts.  **GRANTED.**<br><br>**¶ 164; figs. 10–11; exhs. 7.1–8.10**<br>The passages here cumulatively introduce a large set of customers' names.  For reasons like those above, and because disclosing these names would reassociate them with year-by-year financial information, redaction is warranted.  **GRANTED.**<br><br>**¶¶ 127, 229–30; nn.365, 440, 447**<br>These portions convey anecdotes about customers who are already disclosed and/or whose names appear here in ways that do not convey a large set of customers at once.  The basis for redaction as to these names is not persuasive.  **DENIED.** |
| Dkt. No. 125-12 (Exh. 5, | Dkt. No. 204-14 | *Marked redactions* in ¶ 11; n.10; figs. 1, 2, 4; | **n.10**<br>The proposed redaction seeks to obscure a high-level generalization about how Splunk's revenues change when a Splunk customer becomes a Cribl |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Expert Heinemann Supp. Reb. Rpt.) | | exh. 1; app'xs A, B, **GRANTED-IN-PART, DENIED-IN-PART.** | customer.  Similar figures were discussed in open court.  They help the public understand the case.  And Splunk failed to mark this same number for redaction in the underlying report to which this figure is cited.  **DENIED.** <br><br> **Otherwise** <br> Proposed redactions obscure information modeling the change in revenues when Splunk customers become Cribl customers.  The highly specific models embed confidential information that would pose needless risks to Splunk if disclosed, given this goes beyond the detail offered in court or needed to understand the case.  **GRANTED.** |
| Dkt. No. 125-14 (Exh. 7, Expert Putnam Supp. Rpt.) | Dkt. No. 204-15 | *Green highlighted portions* in ¶¶ 1, 8; n.9; fig. 1, **DENIED.** | **¶¶ 1, 8** <br> Splunk marks for redaction modeling numbers that suggest it loses money, but not other modeling numbers that suggest it gains money (*compare* ¶ 1 (redacting negative percent), *with* ¶¶ 2, 3 (not redacting positive percent)).  The rationale Splunk asserts for marking the one set would equally apply to the other.  And the very detail redacted in one place (¶ 1) is not marked for redaction in another (¶ 8).  The risks to Splunk are not credible.  All these high-level numbers inform understanding of the case and were aired in open court.  **DENIED.** <br><br> **Fig. 1, n.9** <br> These modeling components (or in specific subcategories) of Cribl's alleged effect on customers' spending on Splunk was not as distinctly aired in court or dispositive motions.  They embed financial information and divulging them would impose needless costs on Splunk given they are beyond the detail needed to understand the case.  **GRANTED.** |
| | | App'xs A, B, **DENIED.** | No redactions were applied to the figures. |

*(ii)*     ***Cribl's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 125-2 (Mot.) | Dkt. No. 204-2 | 19:20–19:21, **DENIED.** | Such facts and speculation about Cribl's profitability and valuation were not "tangentially related to" the case but asserted in arguments about damages (*see supra* Part 7.A). |

40

| | | | |
|---|---|---|---|
| | | 20:1–2, **DENIED.** | This self-serving speculation about Cribl's future profitability is vague, non-committal, and even clichéd. Releasing it cannot credibly hurt Cribl. |
| | | 20:23–21:1, **DENIED.** | (*See supra* Part 7.A.) |
| Dkt. No. 125-4 (Exh. 1, Expert Putnam Op. Rpt.) | Dkt. No. 204-10 | ¶¶ 19–21, **DENIED.** | Similar testimony was heard in open court. This paragraph and the testimony walked through Cribl's past recuring revenues and Cribl's percent of customers who were also Splunk's customers to sketch damages. And in paragraphs and charts not proposed for redaction, this report again discloses similar recurring revenue numbers and percent of shared customers. |
| | | ¶¶ 27, 29, **DENIED.** | (*See supra* Part 7.A.) |
| | | ¶ 28; n.14, **DENIED.** | (*See ibid.*) |
| | | 24 n. 37, **DENIED.** | Nothing in the cited footnote matches Cribl's rationale or would implicate a third party. |
| | | *After "board meeting reported"* in ¶ 57, **GRANTED.** | The details of private company Cribl's fundraising and cash position were not disclosed in open court and have limited relevance to the dispute. Cribl articulates credible risks that could befall Cribl if disclosed. |
| | | *After "was valued at about"* in 25 n.48, **DENIED.** | (*See supra* Part 7.A.) |
| | | *Customer names* in 55 nn.178–80; 56 n.18[2]; 58 ¶ 106(e), **GRANTED-IN-PART, DENIED-IN-PART.** | ¶ 106(e)<br>Cribl adds nothing to change the decision regarding this passage (*see supra* entry re Dkt. Nos. 125-4 & 204-10). **DENIED.**<br><br>nn.178–80, 182<br>(*See ibid.*) **GRANTED.** |
| | | *Customer name* in ¶¶ 142–43, **DENIED.** | (*See ibid.*) |
| | | *Following "as a startup"* in ¶ 162, **DENIED.** | This is blather about startups, not something meriting sealing (*see supra* Part 7.A). |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | *After "expected profits, at"*: 96 n.313, **DENIED.** | This valuation of Cribl was disclosed in open court (*see supra* Part 7.A). |
| | | ¶ 169, **DENIED.** | Cribl's profitability was discussed in open court (*see supra* Part 7.A) |
| | | ¶ 173, **DENIED.** | (*See* previous entry.) |
| | | ¶¶ 180–82, **DENIED.** | **¶ 180–81**<br>Cribl's revenue over time was discussed in open court, including numbers akin to these figures.<br><br>**¶ 182**<br>Splunk's expert estimated Cribl's incremental profit by multiplying the same figure just discussed by Splunk's earlier incremental profit margin (not Cribl's).  This is just a high-level estimate that contributed to the damages debate, and it is explained here that way.  Cribl's rationale for redaction is not convincing. |
| | | ¶¶ 199–200, 202, 204, **DENIED.** | For similar reasons, these estimates of Cribl's high-level revenues and profit by Splunk's expert do not pose any credible risk if disclosed. |
| | | ¶ 213, **DENIED.** | Cribl's high-level profitability over time was discussed in open court (*supra* Part 7.A). |
| | | *Financial figures* in exhs. 3.1, 3.2, 3.3, **GRANTED-IN-PART, DENIED-IN-PART.** | **Exh. 3.1**<br>These high-level projections are on the order of those shared in court and are helpful to understanding the dispute.  **DENIED.**<br><br>**Otherwise**<br>These more specific projections for damages under varied scenarios were not discussed as thoroughly in open court, embed more business information with competitive import to Cribl, and ultimately are less important to understanding the dispute.  **GRANTED.** |
| | | Exh. 3 schs. A, B, **GRANTED.** | (*See* previous entry.) |
| | | Exh. 4, sch. A, **GRANTED.** | (*See ibid.*) |
| | | *Customer names* in | These customer names are conveyed in isolated anecdotes alongside anodyne information loosely informing the estimates.  Cribl has not provided a |

| | | | |
|---|---|---|---|
| | | Exh. 6.1 at lines 2, 21, 23; exh. 6.2 at line 17; exh. 6.4 at line 16, **DENIED.** | sufficiently plausible, specific reason why it would be harmed by the names' release. |
| | | *Customer names* in exh. 7; exh. 8, **GRANTED.** | These exhibits are annex-like tables of all customers modeled and all customers shared by Cribl and Splunk. The lengthy lists cumulatively contain significant confidential information that could harm Cribl and its customers if exposed and that is beyond what is needed for public understanding. |
| | | *Financial statement* in exh. 9, **GRANTED.** | Private company Cribl's financial statements were not discussed in detail in open court. Its most recent audited financial statements were disclosed (Dkt. No. 352-31). Nonetheless, these statements contain prior-year information that in connection with current-year information reveals trajectories confidential to Cribl, important to its fundraising prospects, and correspondingly less critical to public understanding of the case. |
| | | *Customer names* in exh. 10 at line 7, **DENIED.** Exh. 15, **GRANTED.** | These customer names are denied where appearing in isolation and in anecdotes (exh. 10 at line 7). And they are granted where appearing in lengthy lists (exh. 15) (*cf. supra* entry re exhs. 6.1, 7). |
| | | Fig. 1, **DENIED.** | Cribl proposes to redact the entirety of the chart in Figure 1, but not the entirety of the corresponding table in Schedule A. Further, the only part of the table in Schedule A proposed for redaction was already discussed in open court and is a foothold for understanding damages. |
| Dkt. No. 125-6 (Exh. 2, Expert Putnam Reply Rpt.) | Dkt. No. 204-11 | ¶147, **DENIED.** | Cribl's current valuation was discussed in open court (*supra* Part 7.A). |
| | | *Financial figures* in exh. 3.1, **DENIED.** Exh. 3.2; exh. 3.3 & scheds. A, B; | For reasons like those stated for the same exhibits in Expert Putnam's opening report, of which these are updates, the redactions are only partly granted (*cf. supra* entry re Dkt. No. 125-4 & 204-10). |

43

| | | exh. 4 & sched. A, **GRANTED.** | |
|---|---|---|---|
| | | *Customer names in* exh. 3 line 18, **DENIED.** | Disclosing these few customer names in such isolated anecdotes will not plausibly injure Cribl. |
| Dkt. No. 125-8 (Exh. 3, Expert Putnam Dep. Tr.) | Dkt. No. 204-12 | 75:19, **DENIED.** | Substantially the same Cribl revenue number was discussed in open court (*supra* Part 7.A). |
| | | 78:6; 79:7; 86:19, **DENIED.** | The deposed expert discusses some projected damages numbers at a high level of generality. Redaction is not warranted (*cf. supra* entry re Dkt. Nos. 125-4 & 204-10 ¶¶ 199–200). |
| | | 130:9; 130:16–18; 130:24–25; p. 131 at ll. 3–4, 8, 13–15; 131:17–25; 132:1–19; 133:2–5, **DENIED.** | Cribl's high-level profitability was discussed in open court and, as this passage helps show, is important to understanding arguments made about damages (*supra* Part 7.A). |
| | | 168:1, **GRANTED.** | Cribl's revenues as of this exact period were not discussed meaningfully in open court, could harm Cribl if disclosed, and are beyond the detail needed to understand the dispute (*cf. supra* entry re Dkt. Nos. 125-4 & 204-10 exh. 9). |
| | | 195:17, 195:24; p. 196 at ll. 6, 12, 14, 16, 19; 197:12; 198:14, **DENIED.** | These proposed redactions are not warranted for reasons already stated with respect to the same and adjacent redactions in another copy (*see supra* entry re Dkt. Nos. 125-8 & 204-12.) |
| | | 199:23; 200:7, **DENIED.** | The number of Cribl's customers who are also Splunk customers was discussed in open court (*e.g.*, Tr. 1069). |
| Dkt. No. 125-10 (Exh. 4, Expert Heine-mann | Dkt. No. 204-13 | ¶¶ 2a, 2b, 2d, **DENIED.** | **¶ 2a** Cribl's high-level profitability over time was discussed in open court (*supra* Part 7.A).<br><br>**¶¶ 2b, 2d** Cribl offered self-serving blather about future performance; it will not credibly be harmed by it |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Reb. Rpt.) | | | (*cf. supra re* Dkt. Nos. 125-2 & 204-2 at 20:1–2; *see also supra* Part 7.A). |
| | | ¶ 2s, **GRANTED.** | Cribl's revenues as of this exact period were not discussed in open court and are beyond the level of detail needed to understand the case (*cf. supra* entry re Dkt. Nos. 125-4 & 2-4-10 exh. 9). |
| | | ¶¶ 27b, ¶27d, **DENIED.** | This organizational customer was discussed in open court and there is no reason to redact here. |
| | | ¶ 30, **GRANTED.** | (*See supra* entry re Dkt. Nos. 125-10 & 204-13 ¶ 2s.) |
| | | 26 n.101, **DENIED.** | Cribl's customer was openly discussed in court. |
| | | ¶ 122, **DENIED.** | Cribl's proposed redactions target not only a purported fact discussed in court but the name of the area of law to which it relates: copyright (*see also supra* Part 7.A). |
| | | *Customer names* in ¶¶ 124a–c, nn.243–44, **GRANTED.** | (*See supra* entry re Dkt. Nos. 125-10 & 204-13.) |
| | | *Customer names* in ¶¶ 124d–g, nn.245–49, **GRANTED.** | (*See ibid.*) |
| | | ¶¶ 124h–l, nn.250–54, **GRANTED.** | (*See ibid.*) |
| | | ¶¶ 124m–n, 127a; nn.255–57, 269, **GRANTED.** | (*See ibid.*) |
| | | ¶ 171, **GRANTED.** | (*See ibid.*) |
| | | *Financial figures* in 82 n.340, **GRANTED.** | Cribl's revenues as of this exact period were not discussed meaningfully in open court, could pose risks to Cribl if exposed, and are beyond the detail needed to understand the case (*cf. supra* entry re Dkt. Nos. 125-4 & 204-10 exh. 9). |
| | | 83 n.344, **DENIED.** | Cribl's customer's name was discussed in court. |
| | | *Customer names* in ¶¶ 179b–e, nn.347–50, **GRANTED.** | (*See supra* entry re Dkt. Nos. 125-10 & 204-13.) |

| | | | *Customer names* in ¶¶ 179g–j, nn.352–55, **GRANTED.** | (*See ibid.*) |
|---|---|---|---|---|
| | | | 86 n.356, **DENIED.** | Cribl's customer's name was disclosed and discussed extensively in relation to testimony that was important to understanding the dispute. |
| | | | 97 n.402, **GRANTED.** | Cribl's revenues as of this exact period were not discussed meaningfully in open court and are beyond the level of detail needed to understand the dispute. |
| | | | 111–12 nn.469, 474, **DENIED.** | Cribl's customer's name chosen for redaction here by Cribl was discussed openly in court. There is no particular reason to redact here. |
| | | | Exhs. 2.1–2.4, 3.1–3.10, 4.1–4.9, 5.1–5.2; exh. 11 app'x D, **GRANTED.** | Private company Cribl's estimated and actual financial metrics were not discussed with such granularity in open court (nor in other exhibits or filings). They are beyond the level of detail needed to understand the case. For instance, Exhibits 2.1–2.3 estimate revenues at monthly intervals. Exhibit 2.4 provides a line-by-line income statement for many years. Exhibits 4.1– 5.2 break down various cost centers, and sources of revenues. Exhibit 11 contains high-level financial drivers. Disclosing any of this information could impose costs on Cribl for little to no relevant gain to public understanding. |
| | | | *Customer lists and identifiers* in exh. 2.5 app'x C, **GRANTED.** | (*See supra* entry re Dkt. Nos. 125-10 & 204-13.) |

**B.    SPLUNK'S OPPOSITION TO CRIBL'S MOTION TO EXCLUDE OPINIONS OF EXPERT PUTNAM.**

**(i)    Splunk's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 152-2 (Exh. 9, Cribl Executive Summary for [Redacted], | Dkt. No. 179-13 | *Customer name*, **DENIED, without prejudice to other redactions proposed infra.** | This proof-of-value report was produced by Cribl to show how much a Splunk customer might save once it began using Cribl. Its contents were examined in open court and admitted into evidence (Dkt. No. 352-32). Further risk to Splunk, Cribl, or the customer from its additional release here is speculative — except that some surgical redactions Cribl describes in its motion to |

| | | | |
|---|---|---|---|
| CRIBL_00141373) | | | seal the same document do warrant applying (*infra re* Dkt. Nos. 152-2 & 179-13). |
| Dkt. No. 152-3 (Exh. 10, Proof-of-Value Excel for [Redacted], CRIBL_0000-79497) | Dkt. No. 189-15 | *Customer name* in row 1, **DENIED.** | The document is a screenshot or printout of a spreadsheet showing Cribl's estimated cost reduction for a customer using Splunk after starting to use Cribl. The customer's name was disclosed in court, including in reference to high-level discussions of this analysis. And the same document was admitted as an exhibit without redactions (Dkt. No. 352-38). |
| | | *Financial amounts* in columns, **DENIED.** | In this same sheet is a column showing Splunk's itemized prices for varied services. Redactions are proposed in the motion, but none are rendered in the public docket. Moreover, the same document was admitted without redactions as a trial exhibit (Dkt. No. 352-38). |
| Dkt. No. 152-4 (Exh. 11, Proof-of-Value Excel for [Redacted], CRIBL_00619088) | Dkt. No. 189-16 | *Customer name* in row 1, **GRANTED.** | The third party is noted elsewhere, but not with respect to these financial details. Redaction of the third-party name is warranted to protect its confidences and Splunk's interests related to them (or Cribl's, as it supports *infra*). |
| | | *Financial amounts* in columns, **DENIED.** | Redactions are proposed in the motion, but none are rendered in the public docket. Given that similar information was disclosed in the trial exhibit above, that the numbers are not fresh, and that Splunk's lack of attention to these filings undermines its contention that it has any cause to seal, the redactions are not warranted. |
| Dkt. No. 152-5 (Exh. 12, TCO & ROI Calculator for [Redacted] CRIBL_00072967) | Dkt. No. 189-17 | *Customer name* in row 2, **GRANTED.** | Redactions are warranted for the reasons described for an analogous entry above (*cf.* previous entry). |
| | | *Financial amounts* in columns, **DENIED.** | Redactions are proposed but none are provided in the published copy. Redactions are not warranted (*cf. ibid.*). |
| Dkt. No. 152-7 (Exh. 14, CRIBL_0073781) | Dkt. No. 189-19 | *Customer name* in all headers, and in pp. -81, -82, -96, **DENIED.** | This is another proof-of-value report produced by Cribl to show how much a Splunk customer might save once using Cribl. A closely related report was discussed in open court and moved into evidence. Moreover, some instances of the customer's name here are not redacted. Splunk's rationale for redacting is thus undermined (*cf. supra* entry re Dkt. Nos. 152-2 & 179-13). |

| Dkt. No. 152-14 (Exh. 21, CRIBL_ 00146171) | Dkt. No. 179-15 | *Customer name* in pp. -185–86, **GRANTED.** | This document contains extensive notes from three customer interviews to learn about their use of Cribl and Splunk and the interaction between the two services.  Disclosing any name here would associate the customer with specific service details and impose needless risks on that third party and thereby Splunk (and Cribl, *infra*), while redacting just the name does not detract from public understanding. |
| | | *Splunk pricing* in pp. -186–87, **DENIED.** | In the context of these reports, some customers talk about the price they say they paid for Splunk or Cribl (just as it turns out some have done on Splunk's support pages on its website).  Only Splunk proposes to redact what these customers themselves chose to say about past pricing.  But even Splunk does not flag every page such discussions come up, and in the publicly filed copy no redactions on page -87 are rendered.  Splunk's fears are not credible. |
| Dkt. No. 152-18 (Exh. 26, Heudecker Dep. Tr.) | Dkt. No. 189-27 | *Customer name* in 88:1, 88:5, 88:17, **DENIED.** | The customer was not discussed meaningfully in open court, yet here appears alongside a generic needs and cost-savings discussion, now two years old.  Splunk provides no sufficiently specific rationale for redaction. |
| Dkt. No. 152-21 (Exh. 29, "Proof-of-Value" Slides for [Redacted], CRIBL_ 00079545) | Dkt. No. 189-30 | *Customer names* in p. 1, cells B1–C1; p. 2, cell H1; p. 4, cell B1, **GRANTED.** | This is another proof-of-value report produced by Cribl and containing a customer name with pricing information from Splunk (and Cribl).  For reasons like those given for the other such reports above, redaction is warranted here, too (*see supra* entry re Dkt. Nos. 152-4 & 189-16). |
| | | *Financial amounts* in columns, **DENIED.** | Redactions were proposed but not rendered on the public docket.  For reasons like the ones given for the other such reports above, redaction is not warranted here (*see ibid.*). |
| Dkt. No. 152-22 (Exh. 30, "Proof-of-Value" Slides for [Redacted], CRIBL_ 0007751) | Dkt. No. 189-31 | *Customer name* in row 1, **GRANTED.** | The same result obtains for the same reasons articulated in an analogous entry (*see ibid.*). |
| | | *Financial amounts* in columns, **DENIED.** | (*See ibid.*) |

*(ii)*      ***Cribl's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 152-1 (Opp.) | Dkt. No. 189-62 | 2:14–2:17, **DENIED.** | These characterizations of Cribl's valuation and profitability were openly discussed (*supra* Part 7.A). |
| | | p. 4 at lines 19, 22, 25–28 p. 5 at lines 3, 8, 10, 13–14, **DENIED.** | This "instructive" proof-of-value analysis about a customer was also introduced in open court. Redacting the name of that customer is not warranted here, either (*see, e.g., supra* re Dkt. Nos. 152-3 & 179-13). |
| | | 14:6; 14:8–11; 14:25; 20:22; 21:5, **DENIED.** | These characterizations of Cribl's valuation and profitability were discussed openly (*supra* Part 7.A). |
| | | 16:24; 17:11–12, **DENIED.** | (*See ibid.*) |
| Dkt. No. 152-2 (Exh. 9, Cribl Executive Summary for [Redacted], CRIBL_ 00141373) | Dkt. No. 179-13 | *Customer name in* PDF pp. 2–3, 4–5, 11, 16, 19–24, 27–29, 34, **DENIED.** | The document is the proof-of-value summary provided for a customer discussed in court and admitted as an exhibit (Dkt. No. 352-32). Redactions as to the customer name in this copy are denied for the same reasons (*see supra* entry re Dkt. Nos. 152-2 & 179-13; *see also* entry re Dkt. Nos. 169-2 & 170-2). **DENIED.** |
| | | *Other names (e.g., employees)* PDF pp. 7–10, 12–15, 17, 21–22, 24–25, **DENIED.** | Cribl also seeks to redact the third party's employee's names and some operational information. This information was already published in the admitted exhibit; there is no personally sensitive information here. |
| | | *Code* in PDF pp. 21–22, 32, 34–35, **GRANTED.** | Fragments of code included in this presentation are peripheral to the purpose for which this presentation was discussed in court. They were not themselves disclosed in court and beyond the level needed to understand the dispute or judicial process. Nor were they legible in the copy submitted for trial (Dkt. No. 352-32). Disclosing them creates risks for the third party and Cribl without adding to relevant public understanding. |
| Dkt. No. 152-3 (Exh. 10, Proof-of-Value | Dkt. No. 189-15 | *Customer name* in -9497 (row 1), **DENIED.** | (*See supra* entry re Dkt. Nos. 152-3 & 189-15.) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Excel for [Redacted], CRIBL_ 0000-79497) | | | |
| Dkt. No. 152-4 (Exh. 11, Proof-of-Value Excel for [Redacted], CRIBL_ 00619088)) | Dkt. No. 189-16 | *Customer name* in -9088 (row 1), **GRANTED.** | (*See supra* entry re Dkt. Nos. 152-4 & 189-16.) |
| Dkt. No. 152-5 (Exh. 12, TCO & ROI Calculator for [Redacted] CRIBL_00 072967) | Dkt. No. 189-17 | *Customer name* in PDF pp. 2 (row 2), 5 (row 1), **GRANTED.** | (*See supra* entry re Dkt. Nos. 152-5 & 189-17.) |
| Dkt. No. 152-7 (Exh. 14, CRIBL_ 0073781) | Dkt. No. 189-19 | *Customer name* in headers, pp. -81–97 **DENIED.** | (*See supra* entry re Dkt. Nos. 152-7 & 189-19.) |
| Dkt. No. 152-14 (Exh. 21, CRIBL_ 00146171) | Dkt. No. 179-15 (Exh. 21) | *Customer name* in -185–86, **GRANTED.** | (*See supra* entry re Dkt. Nos. 152-14 & 179-15.) |
| Dkt. No. 152-17 (Exh. 25, Sharp Dep. Tr. Excerpt) | Dkt. No. 179-16 | *Company valuation* in 318:22, **DENIED.** | This testimony about Cribl's valuation as of this date was given in open court (*supra* Part 7.A). |
| | | *Ownership percents* in 318:24, **GRANTED.** | This testimony about an individual's personal ownership interest in Cribl is ultimately peripheral to the litigation; repeating it offends personal privacy and serves no public purpose. |
| Dkt. No. 152-18 (Exh. 26, Heudecker Dep. Tr.) | Dkt. No. 189-27 | *Customer name* in 88:1, 88:5, 88:17, **DENIED.** | (*See supra* entry re Dkt. Nos. 152-18 & 189-27.) |

| Dkt. No. 152-20 (Exh. 28, "Cribl Overview," CRIBL_ 00598104) | Dkt. No. 189-29 | *Customer names* in PDF pp. 18–19, **DENIED.** | This marketing presentation with presenter notes describes Cribl and its benefits. Within the notes are some customer names as reminders of use cases. Several of those customers and their use cases are still touted on Cribl's website today. |
|---|---|---|---|
| Dkt. No. 152-21 (Exh. 29, "Proof-of-Value" Slides for [Redacted], CRIBL_ 00079545) | Dkt. No. 189-30 | *Customer name* in PDF Pages 2–3, 5, **GRANTED.** | (*See supra* re Dkt. Nos. 152-21 & 189-30.) |
| Dkt. No. 152-22 (Exh. 30, "Proof-of-Value" for [Redacted], CRIBL_ 0007751)) | Dkt. No. 189-31 | *Customer name* in -7551, **GRANTED.** | (*See supra* entry re Dkt. Nos. 152-22 & 189-31.) |

**C.    CRIBL'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF EXPERT PUTNAM.**

*(i)    Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 169-1 (Reply) | Dkt. No. 170 | *Customer name* in 4:14–23, 5:12, 5:22–6:5, **GRANTED-IN-PART, DENIED-IN-PART.** | **4:23, 5:12** The passage describes and cites to a proof-of-value analysis. The proposed redactions would obscure the beneficiary's name. Doing so is warranted for reasons like those given for redacting the names in proof-of-value analyses elsewhere (*see, e.g., supra* entry re Dkt. Nos. 152-22 & 189-31; *infra* re Dkt. Nos. 169-1 & 170 (Cribl's rationale)). **GRANTED.**<br><br>**Otherwise** These passages describe another such analysis. But that analysis and customer were discussed in open court, with the analysis itself admitted as an exhibit not under seal (Dkt. No. 352-32). **DENIED.** |
| Dkt. No. 169-2 (Exh. 31, | Dkt. No. 170-2 | *Customer name*, | The document cited is again the proof-of-value summary discussed in court and admitted as an exhibit (Dkt. No. 352-32). Redactions as to this |

| | | | |
|---|---|---|---|
| Cribl Executive Summary: [Redacted]) | | **DENIED, without prejudice to redactions discussed** *infra.* | copy are denied for the same reasons — except that some surgical redactions Cribl describes in its motion to seal may be warranted (*infra* entry re Dkt. Nos. 169-2 & 170-2). |
| Dkt. No. 169-3 (Exh. 32 "Proof-of-Value" Slides for [Redacted], CRIBL_ 00079545) | Dkt. No. 170-3 (slip-sheet); *cf.* Dkt. No. 189-30 | *Customer name* in row 1, **GRANTED.** | (*See supra* entry re Dkt. Nos. 152-21 & 189-30.) |
| | | *Financial amounts* in columns, **DENIED.** | (*See ibid.*) |

*(ii)*     ***Cribl's Proposed Redactions.***

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 169-1 (Reply) | Dkt. No. 170 | 4–6 (§ 1.A), **GRANTED-IN-PART, DENIED-IN-PART.** | For the reasons and to the extent discussed above with respect to Splunk's motion to seal, the redactions are granted in part (*see supra* entry re Dkt. Nos. 169-1 & 170). |
| Dkt. No. 169-2 (Exh. 31, Cribl Executive Summary for [Redacted], CRIBL_ 00141373) | Dkt. No. 170-2 | *Customer name* at PDF pp. 2–3, 4–5, 11, 16, 19–24, 27–29, 34, **DENIED.** | Cribl adds no reason to reach a different result (*see supra* entry re Dkt. Nos. 169-2 & 170-2). |
| | | *Other names (e.g., customer employees)* at PDF pp. 7–10, 12–15, 17, 21–22, 24–25, **DENIED.** | (*See supra* entry re Dkt. Nos. 152-2 & 179-13.) |
| | | *Code* at PDF Page [14–15, 22, 25, 27–28], **GRANTED.** | (*See ibid.*) |
| Dkt. No. 169-3 (Exh. 32 "Proof-of-Value" | Dkt. No. 170-3 (slip-sheet) | *Customer name,* **GRANTED.** *Otherwise,* **DENIED.** | (*See supra* entry re Dkt. Nos. 169-3 & 170-3.) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Slides for [Redacted], CRIBL_ 00079545) | | | |
| Dkt. No. 169-4 (Exh. 33, Video File) | Dkt. No. 170-4 (slip-sheet) | Entirety, **GRANTED.** | The exhibit is a recorded video meeting between a Cribl representative and a Splunk customer, describing Splunk's costs and potential savings achieved through Cribl. The substance important to the case is already conveyed through other filings and written reports (*see, e.g.*, Dkt. Nos. 169-1 & 170). This format includes more private details about a third-party business, and images and audio of third-party individuals. Sealing is warranted to protect their privacy and so Cribl. |

      **8.**      **MOTIONS TO SEAL STEMMING FROM SPLUNK'S MOTION IN LIMINE NO. 2 RE THIRD-PARTY S2S INTEGRATIONS.**

Splunk moved to preclude third-party integrations from argument and evidence (Dkt. No. 200). Cribl opposed (*see* Dkt. No. 201). Splunk also moved to seal its materials in these files (Dkt. No. 201), and to consider whether Cribl's and a third party's materials should be sealed (Dkt. No. 202). Cribl timely submitted a supporting declaration (Dkt. No. 241). So did the third party, Confluent (Dkt. Nos. 237, 238). This order rules as follows:

      **A.**      **SPLUNK'S MOTION IN LIMINE NO. 2.**

          *(i)*      *Splunk's Proposed Redactions.*

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 201-1 at 45 (Exh. 2, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 200 at 45 | *Green highlighted code* in [¶¶ 177–180], **GRANTED-IN-PART, DENIED-IN-PART.** | (*See supra* entry re Dkt. Nos. 129-2 & 179-9 ¶¶ 177–80.) |
| Dkt. No. 201-1 at 64 (Exh. 3, Cribl Tr., CRIBL_ 00072913) | Dkt. No. 200 at 64 | *Purple highlighted customer names,* **DENIED.** | As has occurred elsewhere, Splunk provides a single rationale for justifying every customer name in this lengthy, single-spaced document, and does not provide any page numbers on which to find them. That conduct belies Splunk's interest in sealing the names (*see also supra re* Dkt. Nos. 125-6 & 204-11). |

United States District Court
Northern District of California

| Dkt. No. 201-1 at 159 (Exh. 12, Agepati Dep. Tr.) | Dkt. No. 200 at 159 | *Purple highlighted customer names* in [52:4, 52:8, 52:25], DENIED. | This short deposition transcript peripherally contains the name of a customer alongside one detail of its technical setup. The proposed redactions target the customer's name. But the same customer and detail is already disclosed in an email admitted as a trial exhibit (Dkt. No. 352-79). |

*(ii)*    **Cribl's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 202-2 at 45 (Exh. 2, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 200 at 45 | *Customer names* in ¶¶ 126–27, DENIED. | (*See supra* entries re Dkt. Nos. 153-2 & 189-47 ¶¶ 126–27, and Dkt. Nos. 148-13 & 167-14). |
| Dkt. No. 202-2 at 64 (Exh. 3, Cribl Tr., CRIBL_ 00072913) | Dkt. No. 200 at 64 | *Customer names* in 88, DENIED. | The passage transcribes a meeting. Some customer names are mentioned together at its conclusion, and those names are identified for redaction. But there is nothing disclosed in conjunction with the names to suggest that disclosure could in any way injure the third parties and thereby Cribl upon disclosure (*see also supra* entry re Dkt. Nos. 201-1 & 200 at 64). |
| Dkt. No. 202-2 at 159 (Exh. 12, Agepati Dep. Tr.) | Dkt. No. 200 at 159 | *Customer names* in 52:4, 52:8, 52:25, DENIED. | (*See id.* at 159.) |

*(iii)*    **Confluent's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 202-2 at 166 (Exh. B: Exh. 13 of Splunk's Mot. in Limine No. 2: Email fr. Agepati, CON-00000001-09) | Dkt. No. 237-3 | Confluent's proposed redactions on Dkt. No. 237-3, DENIED. | Confluent is not a party to this litigation. Confluent commercializes open-source software projects, and in one instance reverse-engineered Splunk's S2S protocol (*see, e.g.,* Tr. 380, Tr. 788–790, 875–86, 883). Testimony was offered that Cribl reverse-engineered the S2S protocol partly by reviewing Confluent's handiwork. This document is an email that contains Confluent's rough-draft plan for an engineering project related to Splunk's S2S. Confluent at first proposed to redact nearly its entirety (*see* Dkt. No. 237-2). Since then — after the lead-up to trial and the testimony above, and with parties having been ordered to inform Confluent before |

54

United States District Court
Northern District of California

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| | | | using Confluent's confidential source code at trial (Dkt. No. 122) — the same file was admitted as an exhibit at trial (Dkt. No. 352-3). That exhibit lacks proposed redactions. Moreover, Splunk's and Cribl's disclosures of related information suggest that, if there ever was value to this high-level information, there is less now. *Cf. Camilla A. Hrdy & Mark A. Lemley, Abandoning Trade Secrets,* 73 STAN. L. REV. 1, 1 (2021). There is no cause to redact. |
| Dkt. No. 202-2 at 153 (Exh. A: Exh. 11 of Splunk's Mot. in Limine No. 2: Eng'g 1-Pager: Splunk S2S Source Connector, CON-00003073-77) | Dkt. No. 237-2 | Confluent's proposed redactions on Dkt. No. 237-2, **GRANTED-IN-PART, DENIED-IN-PART.** | This document is a closer-to-final or final version of the same plan. It contains the same elements disclosed above but some details, including personnel and coding information. That information has some commercial import, partly from being undisclosed. Because the information about the third party and protocol that is relevant to the public's understanding is already disclosed, redaction of the undisclosed details is warranted as follows:<br>• *Column to right of "Target Release," "Epic," "Status," "Review Deadline," "Stakeholders," and "Technical Reviewers"* in -73 **GRANTED.**<br>• *Remainder of sentence after "This builds on the work"* in -73, **GRANTED.**<br>• *Diagrams* in -74 and -75, **GRANTED.**<br>Otherwise, **DENIED.** |

**B.**  **CRIBL'S OPPOSITION TO SPLUNK'S MOTION IN LIMINE NO. 2.**

**(i)**  **Splunk's Proposed Redactions.**

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 201-1 at 214 (Exh. 2, Expert Mitzen-macher Reb. Rpt.) | Dkt. No. 200 at 214 | *Green highlighted code details* in [¶¶ 99, 101, fig.19, n.129], **GRANTED-IN-PART, DENIED-IN-PART.** | *(See supra* entry re Dkt. Nos. 148-18 & 167-19.) |
| Dkt. No. 201-1 at 221 (Exh. 3, Excerpts of Expert | Dkt. No. 200 at 221 | *Green highlighted code details* in [¶ 239], **DENIED.** | This information was disclosed publicly *(see, e.g.,* Dkt. No. 189-69 ¶ 239; Dkt. No. 167-38 at 20; Dkt. No. 167-3 at 108 n.204). Again, the inconsistent application of redactions negates the purported reasons for redaction *(supra* Part 3.A). |

| Feamster Op. Rpt.) | | | |
|---|---|---|---|
| Dkt. No. 201-1 at 331 (Exh. 11, Excerpts of Cribl's 3d Supp. to Splunk's 4th Interrogs.) | Dkt. No. 200 at 331 | *Green highlighted code*, **DENIED.** | *First*, Splunk provides one rationale for every snippet of code in this 51-page document. Splunk does not cite to any page number, line, or footnote to find those snippets. Given that the Court warned parties to identify passages at pain of summary rejection (*see* Dkt. No. 141), this conduct itself suggests lack of cause to seal. *Second*, the proposed redactions identified by this order (one hopes the only ones within the document) do not seek to protect specific things that are not already public. Splunk, for instance, proposes to redact a relevant code phrase where even when it appears in Splunk's public-facing web addresses (URLs). Yet Splunk does not propose redacting other URLs that point to Splunk's own or third-party websites that *still* contain the phrase. Redactions are not warranted (*see also supra* Part 3.A). |
| Dkt. No. 201-1 at 383 (Exh. 12, Ltr. Jacobs to Cribl, CRIBL_00138503) | Dkt. No. 200 at 383 | *Purple highlighted customer names* **DENIED.** | The cited document was already published without redactions (Dkt. No. 200 at 383). |
| Dkt. No. 201-1 at 419 (Exh. 15, Eber Dep. Tr.) | Dkt. No. 200 at 412 | 115:4–6 **DENIED.** | The single customer name that is proposed for redaction is also named on Splunk's website. |

|  |  *(ii)*  | *Cribl's Proposed Redactions.* | |
|---|---|---|---|
| **Sealed** | **Public** | **Result Re** | **Reasoning** |
| Dkt. No. 202-2 at 188 (Exh. 1, Bonecco Dep. Tr.) | Dkt. No. 200 at 188 | *Highlighted personally identifiable information* at 8:24–8:25, **GRANTED.** | The redaction obscures the home address of a deponent. To prevent annoyance or abuse to the third party and so injury to Cribl, redaction is readily warranted. |
| Dkt. No. 202-2 at 388 (Exh. 13, Excerpts | Dkt. No. 200 at 388 | *Highlighted customer names* in 86 n.356, 86 n.357, | **n.356** This footnote was not requested for redaction in other copies of this excerpt, and a third-party name to be redacted here was discussed in court. **DENIED.** |

| | | | |
|---|---|---|---|
| of Expert Heine-mann Reb. Rpt.) | | **GRANTED-IN-PART, DENIED-IN-PART.** | n.357 (*See supra* entry re Dkt. Nos. 125-10 & 204-13.) **GRANTED.** |

### 9. MOTIONS TO SEAL STEMMING FROM CRIBL'S TRIAL BRIEF AND MOTIONS IN LIMINE.

Cribl filed a trial brief (Dkt. No. 207; *see also* Dkt. Nos. 232, 235 (removing incorrect filings)).  Cribl also filed three motions in limine (Dkt. Nos. 210–12).  Cribl simultaneously moved to seal its materials therein (Dkt. No. 208), and those of another (Dkt. No. 209).  Splunk timely submitted a supporting declaration (Dkt. No. 230; *see also* Dkt. Nos. 240, 244 (removing incorrect filings)).

#### A. CRIBL'S TRIAL BRIEF.

The public copy of Cribl's trial brief was removed (Dkt. Nos. 240, 244), but not replaced.  Redactions marked in the sealed copy and proposed in motions are without merit in any case.

##### (i) Splunk's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 209-4 (Br.) | Dkt. No. 209-3. *But see* Dkt. No. 244. | 21:8, 21:17, 21:23–24, 22:2–4, **DENIED.** | The proposed redactions target code elements already publicly disclosed (*see supra* Part 3.A). |

##### (ii) Cribl's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 208-4 (Br.) | Dkt. No. 208-3. *But see* Dkt. No. 244. | 26:2, 26:4, **DENIED.** | Cribl's overall profitability and top-line revenue were discussed in open court (*see supra* Part 7.A). |

#### B. CRIBL'S MOTION IN LIMINE NO. 1.

Only Splunk provided redactions here.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 209-10 (Cribl's MIL No. 1, Exh. | Dkt. No. 209-09 | 243:12, **DENIED.** | The proposed redaction targets code elements already publicly disclosed (*see supra* Part 3.A). |

57

| | | | |
|---|---|---|---|
| 4, Excerpts of Expert Mitzen-macher Dep. Tr.) | | | |

### C.   SPLUNK'S OPPOSITION TO CRIBL'S MOTION IN LIMINE No. 1.

Again, only Splunk proposes redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 209-6 (Pearson Exh. 4, Excerpts of Expert Astrachan Op. Rpt.) | Dkt. No. 209-5 | *Highlights* in 26–31 [¶¶ 79, 81–86 (figures only)], **GRANTED-IN-PART, DENIED-IN-PART.** | The proposed redaction targets elements of the S2S protocol and its implementation, some of which are already known, and some of which are not.  For reasons already described with respect to the same underlying report, the proposed redactions are granted-in-part and denied-in-part (*see supra* entry re Dkt. Nos. 148-13 & 167-14; *see also* Part 3.A). |

### D.   CRIBL'S MOTION IN LIMINE NO. 2

Only Splunk proposes redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| (Cribl's MIL No. 2, Exh. 3, Rule 26(a)(3) Discl.) | Dkt. No. 211 at 70 | *Personal info.* at [1–2], **GRANTED.** | The proposed redactions obscure personal contact details for witnesses.  Disclosure would make possible annoyances or abuse, and serve no public purpose. |

### E.   SPLUNK'S OPPOSITION TO CRIBL'S MOTION IN LIMINE No. 3.

#### (i)   Splunk's Proposed Redactions.

Splunk ultimately did not provide support for these proposed redactions (*see* Dkt. No. 230-1 at 1).  If even desired, they are **DENIED,** without prejudice to Cribl's proposals.

#### (ii)   Cribl's Proposed Redactions.

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 208-6 (Exh. 13, "Take Home | Dkt. No. 208-5 | *Customer names* in -6584–85, **DENIED.** | (*See supra* entry re Dkt. Nos. 148-25 & 167-26.) |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Idea," CRIBL_0 0856585) | | | |
| Dkt. No. 208-8 (Exh. 14, Cribl's 7th Supp. Resp. to Splunk's 2d Interrog.) | Dkt. No. 208-7 | *Highlighted portions* at: 6:17-18; 6:21; 16:9–10; 16:13–14; 25:11–12, 25:15, 25:17; 27:4, 27:12; 28:19, 31:9, **GRANTED.** | (*See supra* entry re Dkt. Nos. 134-19 & 189-45.) |

**10.  MOTION TO SEAL STEMMING FROM JOINT PROPOSED FINAL PRETRIAL ORDER.**

Splunk filed the joint proposed final pretrial order (Dkt. No. 197).  Splunk contemporaneously moved to consider whether Cribl's material within its appendices should be sealed (Dkt. No. 203).  Cribl timely submitted a supporting declaration (Dkt. No. 242).  This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 203-2 (App'x A, Joint Combined Exhibit List) | *Cf.* Dkt. No. 303 | *Customer names in blue-colored font* at: 2–4, 9–14, 16, 18–20, 22, 53–58, 61–69, 73–74, 77–80, 82–83, 87, 89, 91–92, 94–95, 97, 101, **GRANTED-IN-PART, DENIED-IN-PART.** | **Pages not flagged in motion (e.g., 1, 102–36)** For avoidance of doubt, any marked redactions not matched with a rationale in the motion are denied (*see* Dkt. No. 141).  **DENIED.** **Redactions after "FY20" (p. 74–75)** The redaction is not customer information, and no other rationale is provided.  **DENIED.** **Redactions after "Specialist at" (pp. 4, 14)** This customer was discussed in court, and nothing here merits redaction specially.  **DENIED.** **Otherwise** Some of these customer names were disclosed elsewhere.  But disclosing them in this appendix still risks injury to the third parties and to Cribl, given many names appear alongside file names pointing to more private information, and given they appear together.  And disclosing such names here is less important to public understanding of the merits, as the reading and |

| | | | |
|---|---|---|---|
| | | | analysis of factual or legal points are not interrupted or obscured. **GRANTED.** |
| Dkt. No. 203-3 (App'x C, Joint Combined Exhibit List) | *Cf.* Dkt. No. 303 | *Contact details* in 2:12–14; 2:21–21; 2:22; 3:1–2; 3:3: 3:10-11; 3:12: 3:19–22; 3:23; 4:13–14; 4:21–22; 4:23; 4:28; 5:1–2; 5:3; 5:9–10; 5:10; 5:24–25; 5:26; 6:4–5; 6:6; 6:28 7:1; 7:3, **GRANTED.** | The highlighted portions are all personal contact details with little-to-no relevance to the dispute. Redaction is warranted to avoid risk of annoyance or abuse from disclosure (and so of harm to Cribl). |

### 11. MOTION TO SEAL STEMMING FROM CRIBL'S TRIAL BRIEF RE OBJECTIONS TO SPLUNK'S DISCLOSURE OF LIVE WITNESSES.

Cribl filed a trial brief with objections to a Splunk disclosure of live witnesses (Dkt. No. 252). Cribl contemporaneously moved to consider whether another's material therein should be sealed (Dkt. No. 251). Splunk timely submitted a supporting declaration (Dkt. No. 261). This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 251-4 (Nina Exh. C) | Dkt. No. 251-3 | 2:13, 2:16, **GRANTED.** | Proposed redactions obscure employee names and contact information, and are warranted to avoid annoyance or abuse and because these details are of little or no help to understanding the case. |
| Dkt. No. 251-6 (Exh. E) | Dkt. No. 251-5 | 2:13, 2:16, **GRANTED.** | (*See* previous entry.) |

### 12. MOTION TO SEAL STEMMING FROM SPLUNK'S TRIAL BRIEF RE TESTIMONY OF IACOBELLI.

Splunk filed a trial brief (Dkt. No. 271), and moved to seal it (Dkt. No. 272). This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 272-1 (Exh. 2, Iacobelli Dep. Tr.) | Dkt. No. 273-2 | *Highlights* [302:21; 303:19, 303:23], **DENIED.** | The transcript in passing mentions a few customer names.  Though some appear alongside files, the files appear to be of no consequence; one is six years old.  There is no harm that could come to the third parties nor to Splunk by disclosure. |
| Dkt. No. 272-2 (Exh. 3, Cribl's 7th Supp. Resp. to Splunk's 2d Interrog. (No. 5)) | Dkt. No. 273-3 | *Highlights*, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See supra* entry re Dkt. Nos. 134-19 & 189-45.) |

13.   **MOTION TO SEAL STEMMING FROM SPLUNK'S TRIAL BRIEF RE CRIBL'S RESPONSES TO SPLUNK'S INTERROGATORY NO. 5.**

Splunk filed another trial brief (Dkt. No. 281), and moved to seal it (Dkt. No. 280).  This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 280-1 (Exh. 1 Cribl's 7th Supp. Resp. to Splunk's 2d Interrog. (No. 5)) | Dkt. No. 281-2 | *Green highlights*, **GRANTED-IN-PART, DENIED-IN-PART.** | (*See* previous entry.) |

14.   **MOTION TO SEAL STEMMING FROM TRIAL EXHIBITS.**

Splunk moved to seal trial exhibits (Dkt. No. 298).  This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| (In-Chambers Copy) | 352-4 (TX-5) | *All but* p. 1, **GRANTED.** | The first page outlines the remaining pages, surveying the elements of the protocol and its implementation familiar to the case (*supra* Part 3.A.)  The remainder of the document describes details that are not disclosed or not so completely and compactly disclosed elsewhere.  Disclosing them in such actionable form could cause |

| | | | commercial harm to Splunk. These details are beyond what is required to understand the dispute or judicial process. Redaction is warranted. |
|---|---|---|---|
| (In-Chambers Copy) | 352-14 (TX-45) | *Entirety*, **GRANTED –IN-PART, DENIED-IN-PART.** | This document presents the findings of Cribl's project to reverse engineer the S2S v4 protocol and its implementation in Splunk Enterprise. Splunk proposes redacting the entirety. But the previous entry provided an unredacted overview of the top-level outline of that document. The following granted redactions will obscure anything meriting sealing while permitting the public to see the document's outline and how it fits into the litigation: <ul><li>On page 1, from top of the page to "Setup:" **DENIED**;</li><li>On page 2, "Header/Preamble" **DENIED**;</li><li>On page 4, "One . . . Splunk 2" **DENIED**;</li><li>On page 7, "Metrics" **DENIED**;</li><li>On page 7, "OpCodes:" **DENIED**;</li><li>On page 7, "Misc notes:" **DENIED**;</li><li>On page 19, "Errors . . . implementation" **DENIED**.</li></ul> Otherwise, **GRANTED**. |
| (In-Chambers Copy) | 352-25 (TX-108) | *All but* p. 1, **GRANTED.** | The same reasoning applies to this analogous document as already described above (*see supra* entry re Dkt. No. 352-4.) |
| (In-Chambers Copy) | 352-39 (TX-396) | *All but* p. 1, **GRANTED.** | (*See ibid.*) |

**15.    MOTION TO SEAL STEMMING FROM JOINT AMENDED TRIAL EXHIBIT LIST.**

Splunk filed a joint amended trial exhibit list (Dkt. No. 303), and moved to consider whether to seal another's materials therein (Dkt. No. 302). Cribl timely submitted a supporting declaration (Dkt. No. 340). This order rules as follows:

| Sealed | Public | Result Re | Reasoning |
|---|---|---|---|
| Dkt. No. 302-2 (Joint Amd. Exh. List) | Dkt. No. 303 | *Customer names in* 2–4, 9–14, 16, 18–20, 22, 53–58, 61–69, 73–74, 77–80, 82–83, 87, 89, 91–92, 94–95, 97, 101, **GRANTED-IN-PART, DENIED-IN-PART.** | For the same reasons and only to the same extent as before, redactions are granted-in-part and denied-in-part (*see supra* entry re Dkt. No. 203-2). |

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

The administrative motions to seal are **GRANTED IN PART** and **DENIED IN PART.**  Parties shall refile all relevant documents in full compliance with this order by no later than **SEPTEMBER 30, 2024.**  The district court retains jurisdiction to ensure compliance with this order (*see also* Dkt. No. 69 ¶ 8).

**IT IS SO ORDERED.**

Dated:  August 19, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE